## Case No. 10,787.

### PARTRIDGE v. SMITH.

[2 Biss. 183.] [1]

Circuit Court, N. D. Illinois.   Sept., 1869.

#### MISDESCRIPTION IN DEED—NOTICE.

1. A deed filed for record, misdescribing the premises — the numbers of the township and range having been transposed, but there being in the county no premises corresponding to the description in the deed—is sufficient notice to put a purchaser upon inquiry, and charge him with knowledge that the premises had been conveyed.

[Doubted in Bailey v. Galpin, 40 Minn. 322, 41 N. W. 1054.   Cited in Schweiss v. Woodruff, 73 Mich. 479, 41 N. W. 511.]

2. The misdescription is not of such a character as to do away with the effect of the registry laws.

3. A mortgagee of real estate is a bona fide purchaser, even though the mortgage was given to secure a pre-existing debt.

On the 9th day of October, 1867, in the city of New York, Alice B. Smith executed to the complainants a mortgage on an eighty-acre tract of land in McHenry county, Illinois, which was described as follows: "The south half of the south-east quarter of section 15, in township No. 8 north, of range No. 43 east of the 4th principal meridian, being in the county of McHenry and state of Illinois." This mortgage was given as security for an indebtedness already over due. On the 1st of October, Mrs. Smith had executed a deed of trust to William C. Goudy, to secure a debt due the Merchants', Farmers' & Mechanics' Savings Bank of Chicago. This deed properly described the premises, but was not filed for record until October 16th.   It was not shown that the complainants had actual knowledge of this deed. This was a bill to foreclose the mortgage, making the bank a party defendant, who answered, claiming priority by virtue of the deed of trust.

Williams & Thompson, for complainants. Goudy & Chandler, for defendants.

DRUMMOND, Circuit Judge.   It would be known, of course, at once, to any person familiar with the government surveys, of which the court takes judicial notice, that there is no such tract of land in McHenry county as the one described in the mortgage.   It is claimed on the part of the plaintiffs that the land should be "the south half of the south-east quarter of section 15, in town 43 north, range 8 east of the third principal meridian."   This mortgage was filed for record in McHenry county, on the 14th of October, 1867.   Mrs. Smith was indebted to the mortgagees, the plaintiffs, for a bill of goods which had been previously sold, and she being in New York at that time, they asked for some security upon this bill, and at their request this mortgage was

1 [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

executed, she stating at the time, that as she was to give a mortgage, although the debt had been due for some time, she would ask for thirty days.   A thirty day note for $2,204.36 was accordingly executed, to secure which the mortgage was given.

At the time this mortgage was executed and given to the plaintiffs, Mrs. Smith had in point of fact, on the 1st day of October, 1867, nine days before, executed a deed of trust to William C. Goudy, to secure a debt that was due by her, to the Merchants', Farmers' & Mechanics' Savings Bank, in this city, for the sum of $1,200, money loaned by that institution to her; but this deed of trust was not filed for record in the recorder's office in McHenry county, where the land was situated, until the 16th day of October, two days after the mortgage to the plaintiffs was filed for record.   Hence the controversy between the parties.   The question is, which takes the priority over the other.

Of course, if the mortgage to the plaintiffs had truly described the land, and there was no notice to plaintiffs of the prior deed of trust, the registry laws would place the question beyond controversy, but the misdescription of the land in the mortgage gives rise to the controversy.   There is no question made in the case but that Mrs. Smith intended to mortgage to the plaintiffs the south half of the south-east quarter of section 15, town 43 north, range 8 east of the third principal meridian, in McHenry county.   The description was inserted in the mortgage as the witnesses say, at the instance of Mrs. Smith herself, and as given by her in the city of New York, and it is presumable to parties who were unacquainted with the fact that there was no such land as thus described in McHenry county.

Mrs. Smith states that in going from the hotel to the office of the Messrs. Cottrell, she informed one of the plaintiffs that she had borrowed money on this land, and had given a deed of trust, and if that fact were established, of course it would put an end to the controversy.   But three witnesses expressly state that she told them that there was no encumbrance whatever upon the property.   Their whole conduct at the time is inconsistent with their knowledge or understanding of this communication.   If she did make any statement, it is clear that they have either testified untruly, or they did not understand it.   Mr. Ballard, the only one of the plaintiffs who had anything to do with it, is the one that went to the hotel where Mrs. Smith was, and she accompanied him to the office of the attorneys, and it must have been to him that communication was made; and his testimony, as well as that of both of the Cottrells (the attorneys), is entirely inconsistent with such a communication being made; so the court must assume that the weight of the evidence is that there was not notice to plain-

tiffs of the existence of this prior deed of trust, and the case must be decided on that hypothesis.

That being so, what is the law upon the subject? Here was a deed of trust executed the 1st of October, 1867, to Mr. Goudy, and a mortgage on the 9th of the same month to these plaintiffs, to the same land, the latter having no knowledge of the existence of the prior deed of trust. As between these parties I understand the law to be that the mortgage and deed of trust take effect from the time that they are filed for record. As already stated, the defendants concede this, if the property had been truly described in the mortgage, and admit that if the mortgagees had no notice of the prior deed of trust, the mortgage would be prior in point of law to the deed of trust.

Then, these two instruments having taken effect from the time they were filed for record, when the deed of trust took effect on the 16th day of October, what was the condition of the property? There was a mortgage upon the record, or filed for record, which is the same thing, two days before, by Mrs. Smith to plaintiffs, of a tract of land in McHenry county, described, as the south half of the south-east quarter of section 15, town 8 north, range 43 east of the fourth principal meridian, and the Savings Bank and Mr. Goudy are presumed to know that fact. With this knowledge, the question is whether there was not, upon the record, enough to put a prudent man upon inquiry in order to determine whether Mrs. Smith had not previously mortgaged this property covered by the deed of trust; and I think there was.

It may be admitted—and I think the authorities go that far—that if there had been any land in McHenry county to which this description would apply, it would not be the duty of the parties to trace up and determine what the actual truth was; but, upon a mere inspection of the record, which these parties are presumed to have seen, it would appear that Mrs. Smith undertook to mortgage a particular tract of land in McHenry county; that it was east of the fourth principal meridian; that it was in town 8 north; that it was in range 43 east. The inquiry would naturally be, what does this mean? There is no fourth meridian in McHenry county; there is no range 43 east. In point of fact the range and town are simply transposed. It should be "town 43" instead of "range," and "range 8" instead of "town." I think that, with this before them there were facts from which they could infer, or any prudent man might infer, that this property upon which their deed of trust operated, was encumbered, and that encumbrance was upon the record two days before their own. The property was actually mortgaged. It was the intention of the parties that it should be mortgaged. There is simply a misdescription of the property.

The question is, whether it is of such a character as to do away with the effect of the registry laws as against a person whose deed took effect subsequent to the recording of this mortgage. I think there was enough upon the record to put a prudent man upon inquiry and compel him to follow it up and to affect him with the consequences of that pursuit.

That being so, the only other question in the case is, whether these plaintiffs were bona fide purchasers or mortgagees. It is claimed on the part of the defendants that they were not, because the mortgage was given for a pre-existing debt. The authorities upon that point are undoubtedly in conflict, but this court has always held that a pre-existing debt constitutes a party a bona fide purchaser in the case of real estate, and a bona fide holder of a note in the case of a transfer of a note. It is claimed on the part of the defendants that the supreme court of the state has settled this question the other way in the case of Metropolitan Bank v. Godfrey, 23 Ill. 579. How they would decide it now, since the case of Manning v. McClure, 36 Ill. 490, I am not prepared to say. In this last case they hold that an indorsee was a bona fide holder of a promissory note, although he took it for a pre-existing debt, and that latent equities between the maker and payee did not apply to him. I have however, a decided opinion on this point, and shall rule always, until I am corrected by the supreme court of the United States, that the giving of a security for a pre-existing debt does not, in itself, prevent the party to whom it is given from being a bona fide holder; and does not prevent it from being a bona fide security. That being so, I think the plaintiffs have the right secured to them by the statute of having their mortgage first satisfied. The decree will be accordingly.

NOTE. A description "two entire sections of land in the marine settlement and state of Illinois, and patented to the said John Rice Jones." has been held sufficient, as upon examination it could have been ascertained which two sections had been patented by said Jones. Choteau v. Jones, 11 Ill. 300.

The following description has also been held sufficient: "A tract situated in the county of Hancock, in the state of Illinois, containing 160 acres, be the same more or less, being northwest 26, north 5, west 8 of the county lands, and being the same quarter section patented by the United States to Edward Crow." Dickenson v. Breeden, 30 Ill. 279. Also a description omitting the range and base line, as from the description given a surveyor could locate the land. White v. Hermann, 51 Ill. 243.

That a mortgagee is a bona fide purchaser, see Bayley v. Greenleaf, 7 Wheat. [20 U. S.] 46; Clark v. Hunt, 3 J. J. Marsh. 553; Cole v. Scot, 2 Wash. (Va.) 141; Wood v. Bank of Kentucky, 5 T. B. Mon. 194; Duval v. Bibb, 4 Hen. & M. 113; Newton v. McLean, 41 Barb. 285; Frisbey v. Thayer, 25 Wend. 396; Pond v. Clarke, 14 Conn. 334; Lewis v. Stevenson, 2 Hall, 63.

A person taking a note or bill in satisfaction of a precedent debt is protected as a bona fide

purchaser. Russell v. Hadduck, 3 Gilman, 233; Foy v. Blackstone, 31 Ill. 538; Saylor v. Daniels, 37 Ill. 331.