PERRY NUGENT & CO. v. MAX PRIEBATSCH ET AL.

1. MISTAKE. *Actual notice.  Purchaser under execution.*
    A court of equity will not correct a mistake in the description of land in a deed against one who having actual notice at the time of his purchase bought the land at execution sale founded on a judgment rendered in favor of a party who had no notice of the mistake at the time he recovered judgment. *Simmons* v. *North*, 3 S. & M. 67, criticised.

2. EXECUTION SALE. *Purchaser.  Judgment creditor.  Notice.*
    The fact that a purchaser at execution sale is not a *bona fide* purchaser for value does not deprive him of the right which the plaintiff in this judgment has as a creditor, to subject to the payment of the judgment, lands of the debtor of the conveyance of which he has no notice, actual or constructive.

3. REGISTRY ACT. *Creditor without notice.*
    Under § 1212, Code 1880, creditors without notice and subsequent purchasers for value without notice are put upon the same footing and protected to the same extent.

4. PURCHASERS UNDER EXECUTION. *Implied trust.  Judgment creditor.*
    A purchaser under a judgment against a trustee of property in which there is an implied trust does not acquire the right of the beneficiary, nor is the judgment creditor entitled to subject the property by virtue of the registry act.

5. SAME. *Unrecorded instrument.  Judgment creditor without notice.*
    When the debtor has a beneficial interest in the property, and conveys it by absolute deed or mortgage, or makes a declaration of trust in the land, and the instrument is not acknowledged, or proved and recorded, it is void as to judgment creditors without notice, and a purchaser under such judgment will be protected.

APPEAL from the Chancery Court of Lincoln County.
HON. L. McLAURIN, Chancellor.

The bill alleges that on the 3d day of November, 1877, Samuel H. Whitworth, being indebted to the firm of Allen, Nugent & Co., executed a trust deed for their benefit on certain lands set forth; " that, while said lands are otherwise correctly described in said deed, they were misdescribed in this. They are described as being in Range seven, when they are, in fact, in Range eight; that afterward, on the 27th day of November, 1882, Thomas H. Allen, of the firm of Allen, Nugent & Co., having transferred his

interest in said indebtedness to Perry Nugent and John B. Lallande, the said Whitworth executed to Nugent and Lallande an instrument in writing wherein the original indebtedness was admitted and the deed in trust recited. In this second instrument the lands were again set forth and the same mistake occurred as in the trust deed."

The bill then alleges that on or about the 6th day of June, 1882, Max Priebatsch, defendant, purchased at a sale under an execution founded upon a judgment rendered in his favor against said Whitworth, and previous in date to the trust deed, the land intended to be conveyed in the trust deed, but incorrectly described therein, and " that at the time of and before such purchase he had actual notice of the mistake set forth ;" that Priebatsch advanced no new consideration, but merely had the amount of his bid credited on the judgment and took a deed from the sheriff to the land, and that this deed, by reason of the mistake aforesaid, casts a cloud upon complainant's title.

The bill prays that the trust deed and subsequent instrument to complainants be reformed so as to embrace the proper land, and that the sheriff's deed to Priebatsch be subordinated to the same.

The bill was demurred to.

(1.) For want of equity.

(2.) No notice of the pretended mistake is charged on said defendant at the time his rights accrued.

(3.) The Statute of Frauds is a good defense to Priebatsch, since the bill shows that the *pretended* mortgage was not reduced to writing, and Priebatsch was no party to the agreement and acquired rights in opposition to it without notice.

The demurrer was sustained and the bill dismissed. Complainants appeal to this court.

*Nugent & McWillie*, for the appellants.

The defendant *demurred* and relied upon the grounds, first, that no notice of the alleged mistake was charged to have been received at the time his rights accrued, and, second, that the alleged contract was not in writing. As to the first, it is simply necessary to say that the allegations are full to the point of notice and that the

judgment was previous to the deed ; more was not necessary.   As to the second, there .is some room for discussion.   The lands in Range 7 were the subject-matter of contract between the parties and the agreement to convey them was *explicit*, as well as founded on a present valuable consideration.   The .agreement was, in fact, reduced to writing and signed and executed.   The false stroke of the pen by which 8 was put in place of 7 does not 'and cannot change the contract executed.   The directing mind and consenting will said 7—the mechanical instrument unwittingly wrote out 8.   In a court of law this might not be; but in a court of equity the · intention of the parties always controls the act.   This being the case, could the defendant by a purchase under his judgment acquire title paramount to us ?   He got no better title than the judgment creditor had and stood in no better plight.   He was not a *purchaser* from the grantee or appellants and was not protected by the statute in any way, and the case is not one of an unrecorded deed simply and purely.   *Daggett* v. *Rankin,* 31 Cal. 326 ; *Delano* v. *Keenan,* 3 Dessau. (S. Ca.) 74 ; Howe's Cases, 1 Paige 129 ; Leading Cases in Equity, Vol. I, Pt. II, 954 ; *King* v. *Whitely,* 10 Paige 467 ; *Russell* v. *Porter,* 7 N. Y. 173 ; *Harlan* v. *Seaton,* 18 B. Mon. 312 ; *Pierce* v. *Turner,* 5 Cranch 165 ; *Simmons* v. *North,* 3 S. & M. 67 ; *Cummings* v. *Steele,* 54 Miss. 647 ; *Norton* v. *Coley,* 45 Miss. 125.

*R. H. Thompson,* for the appellees.

1. It is charged that Priebatsch had notice of complainant's equity *when he purchased.   No notice is charged on him at the time his rights accrued.*   His purchase being under an execution on a judgment in his favor, he necessarily obtained before sale a judgment or an execution lien.   His rights then accrued upon the acquisition of his lien.   *Humphreys* v. *Merrill,* 52 Miss. 92 ; *Loughridge* v. *Bowland,* 52 Miss. 546.

2. If Whitworth had made a perfect deed on the land in question and it had not been recorded, unquestionably Priebatsch would have acquired title.   *Miss. Valley Co.* v. *Railroad Co.,* 58 Miss. 846.

3. If the deed had been perfect, but the acknowledgment defective, the record would not have been constructive notice, and Prie-

| Conclusion of the briefs. | Commencement of the opinion. |
|---|---|

batsch would have acquired title by his purchase.  *Bass* v. *Estill*, 50 Miss. 300; *Loughridge* v. *Bowland*, 52 Miss. 546.

4. If the mistake had been only in the registration, then, since the statute charges the beneficiary with seeing that his deed is recorded, Priebatsch would have acquired title by his purchase.  3 Wash. Real. Prop. Marg. page 592, par. 55, fourth edition, top page 320, Book III, Ch. IV, § 55; *Beekman* v. *Frost*, 18 John. 544; 9 Am. Dec. 246 and note; *Terrell* v. *Andrew County*, 44 Mo. 309.

5. If the mortgage as it was taken had not been recorded at all, then Priebatsch would not have been bound by it so far as relates to that part of the land which was correctly described.   Certain equitable rights are not embraced within the registry statute, but they are those not required to be evidenced in writing.  Tacit liens resulting from acts done (and not from contracts reduced to writing), and trusts arising by implication of law from conveyances need not be recorded.    *Kelly* v. *Mills*, 41 Miss. 267; *Miss. Valley Co.* v. *Railroad Co.*, 58 Miss. 854–5.  But the lien asserted by complainants is a deed of trust or mortgage lien.   The case of *Simmons* v. *North*, 3 S. & M. 67, is not law to be administered in this suit for several reasons.

(1.) The case was not considered at all with reference to the registry act.   Neither court nor counsel refer to the statute, but treat the case as if there were no statutes on the subject.

(2.) Though the question of the standing of a purchaser at execution sale has frequently since been under consideration in this court *Simmons* v. *North* has never been approved in any way (but twice has it been referred to as hereinafter stated), and the distinguished judge who delivered the opinion therein expressed the contrary opinion seven years later.    *Kilpatrick* v. *Kilpatrick*, 23 Miss. 124.

COOPER, J., delivered the opinion of the court.

In *Simmons* v. *North*, 3 S. & M. 67, it was held that where by mistake the words "northeast quarter" were written in a deed of trust instead of "southeast quarter," as was intended to be done, and the deed as written was recorded, the conveyance could be cor-

rected in a court of equity as against one who having actual notice
at the time of his purchase had bought the land at an execution
sale founded on a judgment rendered in favor of a party who had
no notice of the mistake in the deed at the time he recovered his
judgment.

In this case no notice was taken of the effect of the registry
act, and it is wholly irreconcilable with subsequent decisions in
which the rights of judgment creditors under the statute in relation
to the registration of deeds have been considered.

It is well settled in this State that a purchaser under execution is
not a *bona fide* purchaser for value, and because he is not, does not
take as purchaser any other rights than are held by the judgment
defendant, but that this is so does not deprive him of the right
which the plaintiff in the judgment has as *creditor* to subject to the
payment of the judgment lands of the debtor, of the conveyance of
which he has had no notice, actual or constructive. If the plaintiff
in judgment may sell lands under his judgment freed from the
claim of the vendee of the debtor, it follows as a corollary that one
who buys takes it freed of the claim.

By our statute, Code of 1880, § 1212, it is declared that "all
bargains and sales of lands, tenements, or hereditaments, whether
made for passing an estate of freehold or inheritance, or for a term
of years, and all instruments of settlements upon marriage, wherein
lands, money, or other personality shall be settled, or covenanted
to be left or paid at the death of the party or otherwise, and all
deeds of trust and mortgages whatsoever, shall be void as to all
creditors and subsequent purchasers for valuable consideration
without notice, unless they shall be acknowledged or proved and
lodged with the clerk of the chancery court of the proper county to
be recorded."

Creditors without notice and subsequent purchasers for value
without notice are put upon precisely the same footing and are pro-
tected to the same extent.

All conveyances of land, and all express trusts therein declared
by the parties, are by our statutes required to be by deed or writing
acknowledged or proved and lodged for record in the office of the

clerk of the chancery court of the proper county, but a trust which arises or results, by implication of law, out of a conveyance of land is valid without writing and without registration.

A purchaser under a judgment against the trustee of property in which there is a trust arising by implication of law does not acquire the right of a beneficiary because he is not a purchaser for value. nor, since such trusts are not required to be recorded, is the creditor in the judgment entitled to subject the property by virtue of the registry act, but where the debtor has a beneficial interest in the property, and conveys it by absolute deed or by mortgage, or makes a declaration of trust in the land, and the conveyance or mortgage or declaration of trust is not acknowledged or proved and recorded in the manner prescribed by law, it is void as to creditors, who, not having notice, have reduced their demands to judgment, and a purchase under such judgment is protected, not because he is a *bona fide* purchaser, but because the conveyance or declaration of trust is void as against the creditor under whose judgment the land is sold. *Loughridge* v. *Bowland*, 52 Miss. 546; *Duke* v. *Clark*, 58 Miss. 465; *Humphries* v. *Merrill*, 52 Miss. 92; *Miss. Val. Co.* v. *Railroad Co.*, 58 Miss. 847. In *Mills* v. *Guttman*, 53 Miss. 721, it was shown that the purchaser had taken actual possession of the land sold, and this was notice to the judgment creditor of his claim to the land.

*Decree affirmed.*