JOHN A. SIMMONS *v.* JOHN T. HUTCHINSON ET AL.

1. DEEDS. *Registry. Constructive notice.*

　　The record of a deed charges subsequent purchasers and creditors with constructive notice of its contents, and of the land therein described, but not with what a diligent inquiry into the meaning of its terms of description might have disclosed.

2. SAME. *Ambiguity.*

　　A deed intended to convey " the E. ½ of the N. E. ¼ " of a section of land, but in which the only description is " the ½ of the N. E. ¼ " of the section, is void for uncertainty, and its record does not charge a subsequent purchaser, who has not seen the deed or its record, with constructive notice of the intention of the parties to the instrument.

FROM the chancery court of Attala county.

HON. STONE DEAVOURS, Chancellor.

Simmons, appellant, was complainant in the court below; Hutchinson and others, appellees, were defendants there. From a decree dismissing the suit the complainant appealed to the supreme court. The facts are fully stated in the opinion of the court.

*Frank Johnston* and *J. F. McCool,* for appellant.

The case turned on the question of notice to Fisher of Simmons' mortgage and on what estate passed by the mortgage.

The evidence on this point of notice is that the mortgage was duly recorded and indexed, and besides the preponderance of the evidence showed that Fisher had actual notice. The registration of the mortgage was notice to Fisher, the second grantee.

This deed is not a void instrument because of the description of the land conveyed as half of the northeast ¼ of section 3, township 12, range 5, west. It conveys, in any possible view, a half interest in the quarter section known as the northeast ¼, containing 160 acres. *Swaze* v. *McCrossin,* 13 S. & M., 317.

A subsequent purchaser, therefore, took with notice, as a matter of law, of Simmons' real interest in the land, according to the intention of the parties to the mortgage.

The precise point is, that without regard to the purpose and intention of the parties to the mortgage, as to whether a specific half, was intended to be conveyed, the deed on its face, and as it stands recorded, conveys, unquestionable, an undivided half interest in the quarter section.

In the case of *Hodge* v. *Bennett,* 78 Miss., 868, this precise question was involved, and the proposition stated was sustained by the court. *Schenk* v. *Evoy,* 24 Cal., 104, 110; *Grogan* v. *Thompson,* 45 Cal., 612; *Lawrence* v. *Ballon,* 37 Cal., 520; *Jackson* v. *Ganon,* 7 Wend., 136; *Sheafe* v. *Wait,* 30 Vt., 736; *Jackson* v. *Janosy,* 7 Wend., 736; *Sheafe* v. *Wait,* 30 Vt., 733.

Since the parties intended to convey the east half of the quarter section by the mortgage, the record of the mortgage showing that Simmons had an interest of some kind in the particular quarter section was notice to Fisher, the subsequent purchaser. It was notice that Simmons had an interest in the quarter section, and inquiry would have led to the knowledge of the precise nature of his rights. · Wade on the Law of Notice (1st ed.), secs. 183, 185. *Partridge* v. *Smith,* 2 Biss., ·183; *Brotherton* v. *Livingston,* 3 W. & S., 334; *McAteer* v. *McMullen,* 3 Penn. St., 32.

*Dodd & Luckett,* for appellees.

If Fisher examined the records before his purchase and found this incomplete and imperfect deed of trust recorded, it might have been his duty to have followed up that inquiry, which, if followed up, might have led to a knowledge of the fact, but the preponderance of the testimony taken in the case is to the effect that he did not make any such examination till after his purchase, and after he had received a deed to the land and paid his money. This being true, he is not affected by the record or any notice imported by it, nor affected by any inquiry that could be made, because the status was already fixed and no subsequent events could change it. *Woods* v. *Garnett,* 72 Miss., 78.

The record will not be constructive notice unless it and the original instrument of which it is a copy, correctly and sufficiently describe the premises which are to be affected, and correctly and sufficiently state all the other provisions which are material to the right and interests of the subsequent parties. 2 Pomeroy's Eq. Jur., 654.

In the case of *Partridge* v. *Smith,* 2 Biss., 183, cited by appellant, the deed was recorded in a county where the land conveyed was situated. The description was erroneous in some important particulars; but there was no other premises in the county which at all answered to the description. The

court, while admitting the general rule as stated, held that there was sufficient in the record to put a subsequent purchaser on an inquiry, and it therefore operated as a notice that the land had been conveyed.

That case is not on all fours with this one, for here it is shown in evidence that Hutchinson had other lands in this very sub-division, section, township, range and county, to which the imperfect description in the deed of trust might have been applied with equal force and effect, and this differentiates the case just quoted from this one at bar. *Gallway* v. *Malcow*, 7 Neb., 285; *Herman* v. *Deming*, 44 Conn., 124; *Murphy* v. *Hendricks*, 57 Ind., 336; *Thorp* v. *Merrill*, 21 Minn., 336; *Sanger* v. *Craigue*, 10 Vt., 555; *Brotherton* v. *Livingston*, 3 Watts & S., 334.

Argued orally by *Frank Johnston*, for appellant.

TERRAL, J. delivered the opinion of the court.

John T. Hutchinson being indebted to J. A. Simmons in the sum of $251.87, and owning the east ½ of the northeast ¼ of section 3, township 12, range 5, in Attala county, and being desirous of securing the payment of said sum of money, on the 16th day of January, 1894, executed to a trustee therein named a deed of trust, intended to be a conveyance of the east ½ of said northeast ¼ of said section 3, but by accident or mistake the deed of trust contained a parcel of land described as "the ½ of the N. E. ¼ of sec. 3," etc. On the 17th day of August, 1899, a substituted trustee, duly appointed, but whose appointment was not then of record, executed a foreclosure sale under said trust deed, when the beneficiary, Simmons, became the purchaser thereof, and the trustee executed to him a deed, describing the premises therein as "½ of the N. E. ¼ of sec. 3," etc., as the same was described in the trust deed, and thereupon Simmons marked upon the margin of the record of said trust deed the words, "Satisfied by sale and foreclos-

ure.'' The trust deed was duly recorded. On the 12th day October, 1899, John T. Hutchinson, for a valuable consideration, sold and conveyed the east ½ of the northeast ¼ of section 3, to J. W. Fisher, which deed was immediately filed for record. Thereupon Simmons filed his bill of complaint, alleging the facts herein stated on his side of the case, and charging that Fisher was not a *bona fide* purchaser for valuable consideration, but that he had information of complainant's rights in the premises and intended to defraud him thereof. He asked for the cancellation of Fisher's deed as a cloud upon his title, and a correction of the description of the land in the trust deed so as to conform to the intention of the parties in its execution.

Upon demurrer to the bill, the court held the demurrer good, because it considered the attempted sale and foreclosure by the substituted trustee void; and thereupon complainant filed an amended bill, stating the above allegations, making new parties, and asking for a reformation of his trust deed and for an execution thereof, and a cancellation of Fisher's deed to said property. Fisher answered the bill under oath and denied any information or knowledge of the trust deed held by Simmons, and also denied all fraud upon his part in the purchase of said parcel of land, and claimed that he was a *bona fide* purchaser for valuable consideration, without notice. The chancellor found the issue for Fisher.

1. Upon the point whether Fisher had information or knowledge of the trust deed executed to secure Simmons his debt, which was alleged by Simmons and denied by Fisher, there was before the chancellor a contradiction in the evidence, several witnesses substantially supporting the contention on each side, and the finding of the chancellor cannot be disturbed on that ground.

2. The sole remaining question in the case is whether the record of the deed of trust of Hutchinson to Meeks, as trustee for Simmons, constituted any notice to Fisher, so as to put him upon inquiry as to its meaning, and we incline to the view

that it was not.　It must be noted that Hutchinson did not intend to convey by said trust deed an undivided one-half interest in said quarter section of land, but that he intended to incumber specifically the east half of the northeast $\frac{1}{4}$ of section 3. Simmons' trust deed was indefinite, in that it did not specify whether it was to cover the east or the west half, or the north or the south half, of said quarter section.　If Fisher had seen the record of the Simmons trust deed, it would doubtless have put him upon inquiry, which, diligently pursued, would have led him to a knowledge of the fact that it covered the east half of the northeast $\frac{1}{4}$ of section 3; but the finding of the chancellor that he had not seen it and had no information of it, precludes the operation of that principle.　Constructive notice arising from the record of a muniment of title is imputed to purchasers and creditors from a mere presumption of law, and it imputes only such knowledge as the instrument there recorded discloses, and not what a diligent inquiry into its meaning might disclose.　The registration of an instrument is constructive notice to the world of the contents of the paper there recorded, or intended to be recorded, and of its particular contents only, and it will have no operation or effect unless the original instrument correctly and sufficiently describes the premises which are to be affected.　The effect of the registration law is to impute to a purchaser notice of what the instrument recorded, or intended to be recorded, actually conveys, and has no operation in the way of putting him upon inquiry as to what premises were intended to be conveyed, unless they be substantially described therein.　2 Pomeroy's Equ. Jur., secs. 653, 654.

There are authorities (notably, *Partridge* v. *Smith*, 2 Biss., 183; s. c., Fed. Cas., No. 10,787) which proceed upon the idea that the registration of an instrument is notice not only of its contents, but notice of every fact to which an actual knowledge of its contents, diligently pursued, would lead—that is, it puts upon the purchaser the burden of hunting up what premises

the instrument intended to describe, where they are defectively or imperfectly described.    But Vanderburg, J., in *Bailey* v. *Galpin*, 40 Minn., 322 (41 N. W., 1054), says: *"Partridge* v. *Smith* goes further than is consistent with sound principles or authority.''    He, further, says the description, to operate as constructive notice, must be sufficient to identify the land; but, if it be correctly and sufficiently described, mistakes in details will be helped by construction where the intention is reasonably clear from the face of the record.    In *Bright* v. *Buckman* (C. C.), 39 Fed., Toulmin, J. (page 247), says: '' The description of the property upon which the mortgage is an incumbrance must be such as reasonably to enable subsequent purchasers to identify the land; otherwise the record of the mortgage is not notice of an incumbrance upon it.    If the description in the mortgage is erroneous, and it is apparent what the error is, the record is constructive notice of the mortgage upon the lots intended to be described; but, if it is not apparent what the error is, then the record is not constructive notice.''

The description of the premises in Simmons' deed of trust was defective.    That the east half of the northeast $\frac{1}{4}$ of section 3 was intended to be conveyed is not apparent from the instrument, and therefore, upon the authorities, it was not constructive notice to Fisher of what was intended to be conveyed. Other cases might be added, but we regard Pomeroy as sufficient.

*Affirmed.*