Adams, et ux. *v.* Hill, et ux.

In Banc.   Feb. 13, 1950.

No. 37372 (44 So. (2d) 457)

**Brady & Roberts,** for appellants.

**Jones & Stratton,** for appellees.

**Roberds, J.**

This case involves title to a one-half mineral interest in eight acres of land. Hill claims to be the owner of that interest. Adams denies that and says he owns the entire mineral interest therein. The Chancellor found for Hill and Adams appeals.

The case turned upon whether the record, and a physical examination of the land itself, at the time of the purchase by Adams, disclosed to him, as a reasonably prudent man, sufficient information to put him upon notice that a deed from Hall to Hill intended to, but did not, convey such one-half interest. These are the circumstances which confronted Adams when he bought the land:

The entire tract is properly described as "All that part of the W½ of the W½ of NW¼ lying South of Boones Mill Creek, and W½ of the NW¼ of SW¼, of Section 21, Township 6, Range 8, East, containing 48 acres, more or less". A drawn plat will demonstrate that the land is a uniform width of one-eighth of a mile wide east and west and lies between parallel lines running north and south. The north end is bounded by Boones Mill Creek, and that creek runs generally east and west across the NW¼ of the NW¼ of the section. The eight acres in question lie in the northwest quarter of the northwest quarter, south of said Creek.

On January 21, 1932, Marshall Smith and his wife owned the 48 acres. On that day they executed a warranty deed conveying the property of Randolph Hall,

describing all of it, including the eight acres, as being bounded on the north by Boones Mill Creek, containing 48 acres.

On July 5, 1943, Hall and wife executed to appellee, Hill, an oil and gas lease, correctly describing the north 28 acres as the W½ of the W½ of the NW¼ lying south of Boones Mill Creek, "containing 28 acres more or less", and then properly described the 20 acres which lie in the southwest quarter of the section. That conveyance contains this recital "The two (2) tracts containing in the aggregate 48 acres, more or less."

Five days later, and on July 10, 1943, Hall and wife executed to Hill a mineral deed, properly describing the 20 acres in the southwest quarter, with the following description of that in the northwest quarter "The west one-half (½) of southwest ¼ of northwest ¼ lying south of Boones Mill Creek, said tracts estimated to contain 48.00 acres more or less". The italicizing of the 48 acres is taken from the deed. The land in the northwest quarter of the section, according to the specific description in this deed, was all located in the southwest quarter of the northwest-quarter, whereas, as above stated, the eight acres are located in the northwest quarter of the northwest quarter.

On October 18, 1943, Hall and his wife conveyed all of the land, by proper specific description, to appellant Adams. That deed described the eight acres as "lying south of Boones Mill Creek", and recited that both tracts contained ". . . 48 acres, more or less, this being our homestead . . ."

All of the instruments were duly recorded. Omission of specific description of the eight acres from the mineral deed to Hill was a mutual mistake of the parties to the deed. Hill filed this bill to have the deed reformed. Hall did not resist the suit. The Chancellor reformed the deed so as to include the eight acres not only against Hall but also as to Adams. From that decree Adams appeals.

The rule as to sufficiency of notice is stated in Thompson on Real Property, Perm. Ed., Vol. 8, page 331, Section 4472, in this language: ██ ██ "A description of land which is ambiguous or inconsistent may be sufficient to put the purchaser upon inquiry as to the land intended to be conveyed. The purchaser is certainly chargeable with notice if he knows that the description is erroneous, and, from his knowledge of the property, he is able to interpret the deed as it was intended to be made."

In Dead River Fishing & Hunting Club v. Stovall et al., 147 Miss. 385, 113 So. 336, 337, this Court stated the rule in these words: ██ ██ "A purchaser of land is charged with notice not only of every statement of fact made in the various conveyances constituting his chain of title, but he is also bound to take notice of and to fully explore and investigate all facts to which his attention may be directed by recitals in said conveyance contained. The duty is also imposed on him to examine all deeds and conveyances previously executed and placed of record by his grantor—either immediately or remote—if such deeds or conveyances in any way affect his title. And if in any such deed or conveyance there is contained any recital sufficient to put a reasonably prudent man on inquiry as to the sufficiency of the title, then he is charged with notice of all those facts which could and would be disclosed by a diligent and careful investigation."

Now applying these rules to Adams, of what did he have notice?

██ █ First, Smith owned and conveyed 48 acres. It took the eight acres to make that. His deed described the eight acres as being bounded on the north by Boones Mill Creek.

Next, the oil, gas and mineral lease from Hall and wife to Hill described the land as being bounded on the north by the Creek and said that part of the tract in

the northwest quarter contained 28 acres, and that the two tracts aggregated 48 acres. It took the eight acres to do that.

The mineral deed to Hill described that part of the land lying in the northwest quarter as bounded on the north by the creek, and that both tracts contained 48 acres. This conveyance also recited it was subject to any existing oil, gas or other lease. The only existing lease was that from Hall to Hill just mentioned. It specifically described the eight acres and the Creek as the northern boundary thereof and included the eight acres in the total acreage.

Adams had notice of all of that from the record.

But, in addition, the deed from Hall to Adams also described the conveyed tract as being bounded on the north by Boones Mill Creek and that the total tract contained 48 acres. That deed also said the land conveyed constituted the homestead of the Halls; therefore, in addition to the facts imputed by the recorded instruments, an examination of the factual situation on the land would have disclosed that the homestead consisted of the 48 acres and that the land was bounded on the north by the Creek. We think this was enough to raise an inquiry in the mind of a reasonably prudent man as to whether omission of the eight acres from the Hill mineral deed was not a mutual mistake. Dead River Fishing & Hunting Club v. Stovall et al., supra. An inquiry of Hall or Hill would have at once disclosed it was.

Affirmed.