BLACK v. CONDON, et al.

Apr. 14, 1952.

No. 38362 (58 So. (2d) 93)

Livingston & Fair, for appellant.

J. H. Hathorn, and L. A. Pyle, for appellees.

Lee, J.

The complainants, Mrs. Bessie Storer Condon and others, by their bill of complaint, sought an injunction against John C. Black to prevent the obstruction of an alleged alley, as therein described. The answer denied the existence of the alley, either public or private. At the con-

clusion of the evidence, the Court granted the prayer of the bill; and from the decree entered, Black appeals.

The parties own business property, fronting east on Church Street in the City of Louisville. Black's property is a corner lot, 120 feet east and west by 26 feet north and south, and is also adjacent to Main Street on the north. The properties of the complainants, Condon, Donald, Davis, Strand Enterprises and Louisville Creamery Company are situated to the south, and in that order respectively. They have the same depth, 120 feet east and west, but have varying widths.

The common source of title to the Black and Condon properties was the Baptist Church. On January 19, 1910, its Deacons conveyed the same to Mrs. Callie McGraw. The deed contained this provision: "It is understood by all parties to this deed that no building shall be erected on said lot to extend over 110 feet east & west. The remaining 10 feet to remain free from buildings." Through mesne conveyances, with the foregoing provision, Mrs. Condon acquired the tile. She conveyed Black's lot to him on April 19, 1941. While the deed did not expressly contain the above provision, it described the lot and referred to it as a part of the property conveyed by predecessors in title, naming them and giving the book and page numbers.

When the buildings were constructed on these lots, a space of at least 10 feet was left free from buildings both on the west part thereof and on the lots to the south. Beginning with the construction of the buildings in 1914, and continuing throughout the period until February 15, 1951, when the defendant blocked the alley, a large number of witnesses testified that this space was left open and was occupied and used as an alley, without objection or obstruction. During that period, merchandise of various kinds was delivered to the rear of the stores from wagons, drays, cars and trucks. Pictures of the alley, taken about the time of Black's purchase, were offered in corroboration of the existence of the alley.

Mrs. Condon testified that the prior deeds in her chain of title, from which she obtained the description, were open to view by Black, who was present when she prepared his deed.

Several witnesses for the defendant testified that the alley was narrow, rough, and of very limited use. One witness testified that, at one time, a fence was built across it. However, he admitted that later, about 1930, a funeral home was operated on adjacent property, and that an approach or bridge was built from Main Street, and that the alley was used for several years by hearses and ambulances. Defendant himself also stated that, when he read the above mentioned provision in the deeds, rather than have the matter come up again, he left as nearly 10 feet as possible.

■■ The chancellor was correct in holding that the alley is not a public way. There was no adverse user by the public through the lawfully constituted authorities. Albright v. Baker, Miss., 56 So. (2d) 703, and authorities there cited.

■■ Appellant was bound by the provisions of his deed and the antecedent conveyances constituting his chain of title. Dead River Fishing & Hunting Club v. Stovall, 147 Miss. 385, 113 So. 336; Adams v. Hill, 208 Miss. 341, 44 So. (2d) 457.

■■ The provision in the deed that 10 feet should remain free from buildings and that none should be erected thereon was express, and not implied.

Mrs. Condon's claim to the alley was not inimicable to the covenants in her deed to Black. Compare Cummings v. Dumas, 147 Miss. 215, 113 So. 332.

■■ The proof was sufficient to show that the existence of the alley was obvious to Black at the time of his purchase. In addition to the record evidence, the proof of the uninterrupted use of the alley by the complainants for much more than 10 years was ample to sustain the finding of the learned chancellor.

It follows that the decree of the lower court should be, and is, affirmed.

Affirmed.

**McGehee, C. J.**, and **Kyle, Arrington** and **Ethridge, JJ.**, concur.