# Burkett *v.* Peoples Bank of Biloxi, Miss.

No. 39767          November 7, 1955          83 So. 2d 185

292

*Amy Burkett*, Ocean Springs, pro se.

*Karl Wiesenburg,* Pascagoula; *White & White,* Gulf-port, for appellee.

Gillespie, J.

On October 4, 1950, Gulf Coast Manufacturing Company, Inc., owned a certain parcel of land in Jackson County, Mississippi, described as, "Commencing at a point on the West line of Halstead Road 264 feet South of the Northeast corner of the NE 1/4 of the NE 1/4 of SE 1/4 of Section 29, T. 7 S., R. 8 West, thence running South along the West line of Halstead Road 132 feet, thence running West 660 feet, more or less, thence running North 132 feet, thence running east 660 feet, more or less, to the point of beginning. Being a portion of the Northeast quarter of the Northeast quarter of the Southeast quarter of Section 29, Township 7 South, Range 8 West, Jackson County, Mississippi."

On or about said date, a building was erected on the land for the owner's use in manufacturing caskets, the business in which the owner was engaged.

On October 4, 1950, Gulf Coast Manufacturing Company, Inc., executed a deed of trust to the Peoples Bank of Biloxi, appellee herein. The land was described as follows: "Commencing at a point on the West line of Halstead Road 264 feet South of the Northeast corner of the NE¼ of the NE¼ of Sec. 29, T. 7 S., R 8 W, thence running South along the West line of Halstead Road 132 feet; thence running West 660 feet, more or less, thence running North 132 feet, thence running east 660 feet, more or less to the point of beginning.

"Being a portion of the Northeast quarter of the Northeast Quarter of the Southeast quarter of Sec. 29, Township 7 South, Range 8 West, Jackson County, Mississippi.

"And being known as building being erected for the

Gulf Coast Manufacturing Company, which business is engaged in the manufacture of caskets.''

On February 28, 1951, Gulf Coast Manufacturing Company, Inc., borrowed additional funds from appellee and executed another deed of trust to appellee in which the land was described exactly as in the deed of trust dated October 4, 1950, except that the paragraph following the description read: ''And being known as building now erected for the Gulf Coast Manufacturing Company, which business is engaged in the manufacture of caskets.''

On February 9, 1952, Gulf Coast Manufacturing Company, Inc., borrowed certain funds from Andy Page, and on the same date executed a deed of trust to the said Andy Page on the lands first above mentioned and therein accurately described said lands. This deed of trust contained a provision immediately following the description of the property as follows: ''Subject, however, to those two certain deeds of trust executed by the grantor herein to the Peoples Bank of Biloxi, Mississippi, beneficiary, and of record in the office of the Chancery Clerk of Jackson County, Mississippi.''

All of the aforementioned deeds of trust were properly acknowledged and seasonably placed of record in the Chancery Clerk's office of Jackson County, Mississippi, and were unpaid and uncancelled of record at all times mentioned in this opinion.

Gulf Coast Manufacturing Company, Inc., had become indebted to Mid-South Funeral Supply, Inc., and on November 12, 1952, a judgment was rendered in favor of Mid South Funeral Supply, Inc., against Gulf Coast Manufacturing Company, Inc., which was enrolled on December 1, 1952. At the time Mid South obtained and enrolled its judgment, it had no actual notice of the two deeds of trust held by appellee.

Subsequently, an execution was issued on the aforementioned judgment and the sheriff sold the land under the execution on April 6, 1953, at which time Miss Amy

Burkett, appellant, who then had actual notice of appellee's two deeds of trust, purchased the property. Appellant paid the sheriff the amount of her bid and was given a sheriff's deed under which she claims in this suit.

Appellant contends that her title under the sheriff's deed is free from the lien of the two deeds of trust held by appellee because of the erroneous descriptions in said deeds of trust.

Appellant concedes that as between appellee and Gulf Coast Manufacturing Company, Inc., the appellee was entitled to have the descriptions in the deeds of trust reformed. Gulf Coast Manufacturing Company, Inc., made no defense.

Section 868 of the Mississippi Code of 1942 provides: " . . . all deeds of trust and mortgages whatsoever, shall be void as to all creditors and subsequent purchasers for a valuable consideration without notice, unless they be acknowledged or proved and lodged with the clerk of the chancery court of the proper county, to be recorded in the same manner that other conveyances . . . "

For the purpose of considering the prior decisions involving the question under consideration, it should be noted that creditors and subsequent purchasers for a valuable consideration without notice are evenly dealt with in the statute. The registry statute applies with as much force to a creditor obtaining a lien by judgment as it does to a subsequent purchaser or encumbrancer; and creditors without notice and subsequent purchasers for value without notice are on the same footing and are protected to the same extent. Sack v. Gilmer Dry Goods Company, 149 Miss. 296, 115 So. 339; Nugent and Company v. Priebatsch, 61 Miss. 402.

The description of the land in the two deeds of trust upon which appellee relies are exactly the same. It is apparent that there is an error in the first part of the description in each deed of trust in that it places the lot in the NE¼ of the NE¼ rather than in the NE¼ of

the NE¼ of the SE¼. If the descriptions in the two deeds of trust had contained only the first paragraph, such descriptions would have been void as against creditors and subsequent purchasers for value without notice. The second paragraph of the description is in these words: ''Being a portion of the Northeast quarter of the Northeast Quarter of the Southeast quarter of Sec. 29, Township 7 South, Range 8 West, Jackson County, Mississippi.'' The whole description must be read together and reconciled so as to make a good description of the land, if the whole description when read together is such as to reasonably enable one to find the land. ▆▆ We reach the conclusion that it is apparent that there is an error in the description, and that it is apparent that the error is in the first paragraph thereof, and that the whole description when read together is such as to reasonably enable creditors or subsequent purchasers to find the land. ▆▆ We hold that the record of a deed of trust is sufficient to charge creditors and subsequent purchasers with constructive notice of its existence, notwithstanding an error in the description, whenever it is apparent what the error is and the description is such as reasonably to enable creditors and subsequent purchasers to find the land. This rule was recognized, if not applied, in Sack v. Gilmer Dry Goods Company, supra, a case upon which appellant strongly relies in her brief.

▆▆ When Mid South Funeral Supply, Inc., obtained and enrolled its judgment, there was of record the deed of trust given by Gulf Coast Manufacturing Company, Inc., to Andy Page, and this deed of trust was regular in every respect and contained a perfect description of the property here involved. Creditors and subsequent purchasers had constructive notice of this deed of trust and all recitals therein contained, including the provision, ''subject, however, to those two certain deeds of trust executed by the grantor herein to the Peoples Bank

of Biloxi, Mississippi, beneficiary, and of record in the office of the Chancery Clerk of Jackson County, Mississippi." The two deeds of trust held by appellee were of record and the recital in the Page deed of trust gave notice that they were of record and readily available.

■■ We held in Dead River Fishing Club v. Stovall, 147 Miss. 385, 113 So. 336, that a purchaser of land is charged with notice of every statement made in the various conveyances constituting his chain of title, and all deeds and conveyances previously executed by his grantor, if such deeds or conveyances in any way affect his title; and if in any such deed or conveyance there is contained any recital sufficient to put a reasonably prudent man on inquiry as to the sufficiency of the title, then he is charged with notice of all those facts which could or would be disclosed by a diligent and careful investigation.

■■ This was reaffirmed in Adams, et ux v. Hill, et ux, 208 Miss. 341, 44 So. 2d 457. We need not proceed to the limits of the rule laid down in the two cases just mentioned in order to hold that the recitals contained in the Andy Page deed of trust were sufficient to charge the judgment creditor in this case with constructive notice of appellee's two deeds of trust. The recital in the Andy Page deed of trust was sufficient within itself to give notice of the existence of the deeds of trust held by appellee. The recital gave notice of the ultimate fact of the existence of appellee's deeds of trust without inquiry or investigation. The judgment creditor did not need to make further inquiry or investigation unless it was desired to learn the particulars of the deeds of trust referred to, which particulars were easily ascertainable from the deeds of trust themselves, which were of record, and to which record reference was made in the recital contained in the Andy Page deed of trust. We hold, therefore, that the recital in the Andy Page deed of trust was sufficient to charge Mid South Funeral Supply, Inc., with constructive notice of the existence of appellee's

two deeds of trust. It follows that the judgment lien was subject and inferior to the liens of the appellee's deeds of trust.

We do not ground our decision either in whole or in part on the fact that the appellant had actual notice of appellee's two deeds of trust when she purchased at the execution sale; for that is an immaterial fact in deciding the issue here involved. If the creditor had no actual or constructive notice of appellee's deeds of trust at the time of enrollment of his judgment, his judgment lien was free from the liens of the two deeds of trust. "If the plaintiff in judgment may sell lands under his judgment freed from the claim of the vendee of the debtor, it follows as a corollary that one who buys takes it freed of the claim." Nugent & Co. v. Priebatsch, supra.

██ ██ Neither of the two deeds of trust relied upon by appellee had thereon the corporate seal of the Gulf Coast Manufacturing Company, Inc. Appellant urges that for this reason they were not entitled to record and were insufficient to impart constructive notice. ██ ██ We have held that a deed by a private corporation not sealed with the corporate seal does not convey the legal title but is sufficient to convey the equitable title. ██ ██ We are of the opinion that the purpose of the registry statute is that the record shall contain complete information about titles to land located in the county, and to effectuate this purpose, the courts should require and authorize the recording of equitable as well as legal interests. ██ ██ Unsealed instruments, not effectual at law, but enforceable in equity, have been held recordable, and when recorded, are valid against subsequent purchasers and creditors. 45 Am. Jur., Records and Recording Laws, Section 49.

Affirmed.

*Roberds, P.J.,* and *Hall, Holmes,* and *Ethridge, JJ.,* concur.

GILLESPIE, J., Special Opinion:

The views expressed in this opinion, not being necessary to reach the decision in the case, are the views of the writer and do not necessarily express the views of the other judges; nor should it be assumed that any of the judges disagree with what is said therein.

On the question presented in this case involving the sufficiency of a recorded instrument to charge creditors and subsequent purchasers with constructive notice, appellant cites and relies on Nugent and Company v. Priebatsch, 61 Miss. 402; Simmons v. Hutchinson, 81 Miss. 351; Sack v. Gilmer Dry Goods Company, 149 Miss. 296, 115 So. 339; and Pan American Life Insurance Company v. Crymes, 169 Miss. 701, 153 So. 803; while appellee cites and relies on Dead River Hunting & Fishing Club v. Stovall, 147 Miss. 385, 113 So. 336, and Adams, et ux v. Hill, et ux, 208 Miss. 341, 44 So. 2d 457. It may seem that there is conflict between Simmons v. Hutchinson and Sack v. Gilmer Dry Goods Company on the one hand and Dead River Hunting & Fishing Club v. Stovall and Adams v. Hill on the other. In the former cases, it was said that the effect of registration of an instrument is to put purchasers, encumbrancers, and creditors on notice of what the instrument intended to be recorded actually conveys, and it has no operation in the way of putting them on inquiry as to what was intended to be conveyed unless such be described therein. In the latter cases, it was said that a purchaser is under the duty to examine all conveyances constituting his chain of title, and all conveyances previously executed and placed of record by his grantor if they affect his title in any way, and if in any such conveyance there is contained any recital sufficient to put a reasonably prudent man on inquiry as to the sufficiency of his title, then the purchaser is charged with notice of all those facts which could or would be disclosed by a diligent and careful investigation.

I am of the opinion that the cases do not conflict. In

each of the cases first mentioned herein, the Court was dealing with erroneous descriptions and nothing more. In the Dead River Hunting & Fishing Club case, the Court was dealing with a deed containing an erroneous description together with recitals which it held to be sufficient to put a subsequent purchaser upon inquiry. In Adams v. Hill, the Court had before it an erroneous description, together with certain recitals, and, apparently, an examination of the land itself by the last purchaser. The writer is of the opinion that an analysis of all the cases referred to reveals consistency in the holdings. The cases cited by appellant apply when there is such an error in the description that it is not apparent what the error is and the description is such that a subsequent purchaser could not reasonably find the land, and where no recital is therein contained sufficient to put a reasonably prudent man upon inquiry as to the sufficiency of his title. The cases cited by appellee apply when there are recitals in any instrument which the subsequent purchaser is under a duty to examine sufficient to put a reasonably prudent man on inquiry as to the sufficiency of his title.

## ON SUGGESTION OF ERROR

December 12, 1955            83 So. 2d 763

ETHRIDGE, J.

Appellant raises the point in her suggestion of error that this Court erred in affirming the finding and decree of the trial court that she acquired no right, title, or interest in the subject property through her purchase at the execution sale. She requests that she be declared to be the owner of the property subject to the lien of appellee's deeds of trust. It is true that the opinion of the chancellor stated that appellant obtained nothing by virtue of her purchase at the execution sale. Undoubtedly, the chancellor intended to say that appellant obtained nothing insofar as it affected appellee's lien under its

deeds of trust. The decree of the lower court did not adjudicate that appellant received nothing by her purchase at the execution sale. That issue was not presented below or here on appeal.

The sole question on appeal was whether appellant purchased the property freed from the deeds of .trust of appellee. Since no issue was presented below between the judgment debtor and appellant, we could not adjudicate any possible issue that might arise between them. Of course, the case has proceeded throughout on the assumption that appellant was the owner of the property in question by virtue of her purchase at the execution sale, subject to the determination of the rights of appellee.

On appellant's suggestion that she should be given a period of time within which to discharge appellee's claim prior to foreclosure, we affirm the case and remand it to the lower court for the foreclosure, unless the claim of appellee is paid within thirty (30) days from the date this decision is handed down. Our judgment is modified to the extent of remanding the case for this limited purpose. The suggestion of error is overruled.

Suggestion of Error overruled, judgment of this Court modified and case remanded.

*Roberds, P.J.,* and *Hall, Holmes* and *Gillespie, JJ.,* concur.