RIGGS, et al. *v.* TUCKER, et al.

No. 40038      March 12, 1956      85 So. 2d 814

198

*Smallwood, Sumners & Hickman,* Oxford, for appellant, James G. Maynor.

*Kermit R. Cofer,* Water Valley, for appellant, Mrs. Versal Riggs.

*John P. Horan,* Water Valley, for appellees.

200

Lee, J.

Mrs. Minnie L. Tucker and Mrs. Carolyn T. Pinkston, complainants in the court below, own lot 341 west of railroad as per J. W. Mercer's map of the City of Water Valley and also a strip of land on the south side of lot 342 with an eight-foot front on Church or Herring Street, running back east the full length of lot 342 to the A. J. Law line, where it is thirteen and one-half feet wide. The balance of lot 342, to the north of the above described parcel, is owned by Mrs. Versal Riggs and James G. Maynor and wife, the defendants, the west part by the former and the east part by the latter.

The controversy arose from conflicting claims concerning a passageway between the properties of the parties.

The complainants, by their original and amended bills, sought to have themselves declared to be the owners of the passageway, and to require the defendants to remove therefrom a fence and stakes, which they had erected, and to enjoin them perpetually from obstructing the passageway. The answer and cross bill of the defendants put these questions in issue.

The final decree, among other things, recited that "there is an alley-way running east and west from Herring Street on the west, back east to the west line of what was known as the Law lot, being 8 feet wide north and south on the east line of Herring Street and 13½ feet wide on the east end of the said alley-way, and that said alley-way is immediately north of the base of an embankment on the north side of the dwelling house of the complainants". It adjudicated that the complainants are entitled to have the passageway kept open for use by

them and others. It also directed the removal of the fence from the driveway, and the removal of all stakes and other obstructions from the land of complainants, and perpetually enjoined the defendants from trespassing on the alley or driveway.

The defendants appealed.

Mrs. Tucker has lived in the home on the complainants' property since 1912. The Maynor and Riggs homes were not built until about 1924, and were purchased by the respective owners in September 1952 and in January 1953.

The proof showed that the complainants and their predecessors in title, for a period of 40 to 50 years, have made use of a strip of land between their home and the homes of the defendants for the purpose of egress and ingress from Church or Herring Street. Some of the defendants' predecessors in title have recognized and also used this strip of land for that purpose.

Mrs. Riggs built a fence in or upon the passageway, or a part thereof, and the Maynors were preparing to do likewise, when the complainants filed their bill.

There is considerable confusion as to the exact location of the passageway on the ground. Seemingly it, or a part thereof, is on land to which the defendants have the paper title. Be that as it may, however, the complainants, from their long use, much more than ten years, have acquired the right to an unobstructed easement thereover for egress and ingress. University of Miss. v. Gotten, 119 Miss. 246, 80 So. 322; Lindsey v. Shaw, et ux. 210 Miss. 333, 49 So. 2d 580; Black v. Condon, et al, 214 Miss. 51, 58 So. 2d 93.

R. M. Short, a surveyor appointed by the court to make a survey, did so and filed it with the court. But the complainants objected to its introduction on the ground that Short was not present to identify the map and submit to

cross examination. The court overruled the objection and let the survey go in for whatever it was worth. Walter Pettis, another surveyor, at the instance of the defendants, made a survey of the property, but because he could not tell where the north line of lot 342 was at the time of the conveyance from Grant to A. J. Law, the court, on objection of the complainants, excluded his survey.

Thus there was no satisfactory survey by which the location of the passageway on the ground could be determined. It must be so located before the defendants can, with certainty, comply with the terms of the decree. Besides, the defendants have the right to use the passageway for egress and ingress, if they desire, and such use will not constitute trespass.

██ ██ There was ample warrant for the decree of the learned chancellor insofar as it adjudicated the existence of the passageway; but the cause must be reversed and remanded because of the uncertainty of the location of the existing passageway, as described in the decree. Undoubtedly at least a part of the passageway, to which the appellees proved their right of use by adverse possession, is situated on lands of the appellants. Consequently to prevent a cloud on the title and in order to apprise the parties of their respective rights and duties, it is necessary that the true dimensions and boundaries of the existing passageway shall be determined, fixed and designated on the ground. This purpose should be accomplished by a proper survey, or such other means or method as will assure substantial accuracy.

Affirmed in part, and in part reversed and remanded with directions.

*McGehee, C.J.,* and *Arrington, Ethridge* and *Gillespie, JJ.,* concur.