RICHARD M. NELSON *v.* J. W. ABERNATHY.

1. TAX TITLES. *Invalid sale. Insufficient description.*

A tax collector's sale of land, not otherwise described than as "37 acres in the N. ½ of Sec. 1, T. 13, R. 4," is void for uncertainty. *Sims* v. *Warren*, 67 Miss., 278, cited.

2. SAME. *Sale in subdivisions. Duty of collector. Code* 1892, *§* 3813.

A tax collector who sells a tract of land embracing several legal subdivisions of forty acres each, does not comply with § 3813, code 1892, by offering first one of said subdivisions and then each succeeding one as an independent subject of sale, until the amount due is produced, but should add each succeeding subdivision to the parcel or aggregate of the parcels already offered.

3. SAME.   *Failure to designate subdivision offered.   Void sale.   Code* 1892, § 3813.

A tax sale of a tract of land containing several legal subdivisions of forty acres each, is void, when the collector, in offering the same for sale under § 3813, code 1892, fails to designate the several subdivisions by their proper descriptions.   *Hodge* v. *Wilson*, 12 Smed. & M., 498.

4. SAME.   *Curative statute.   Ineffectual as to void sale.   Code* 1892, § 3817.

A tax sale that is void by reason of the failure of the collector to designate the several forty-acre legal subdivisions composing the tract sold by their proper description at the time of offering the same, is not cured by the provision in § 3813, code 1892, that "no error in conducting the sale shall invalidate it," nor by § 3817 of the same code, to the effect that his conveyance shall not be invalidated, "except by proof that the land was not liable for the taxes or that the taxes for which the land was sold had been paid before sale" (*Virden* v. *Bowers, Ib.*, 26; *Griffin* v. *Ellis*, 63 Miss., 348) nor by the constitutional provision assimilating tax sales to sales under execution.   *Gamble* v. *Witty*, 55 Miss., 36.

FROM the chancery court of the second district of Chickasaw county.

HON. BAXTER MCFARLAND, Chancellor.

The appellant filed his bill in equity for the cancellation of certain tax deeds as clouds upon his title, alleging as to thirty-seven acres of the land that the description by which it was sold and conveyed by the collector was void for uncertainty, and that, as to a certain other tract, the collector did not sell in the manner required by law, in that he offered the same for the taxes due thereon in forty-acre lots, and, finding that the first forty acres offered did not bring the amount of taxes due, then offered another forty-acre lot, separate and distinct from the first, and then another, separate and distinct from the second and first, and so on until one hundred and sixty acres were offered, and then offered the whole, failing to add the second forty to the first when offered and the third to the first and second, and so on, and offer the whole; and that said lands were not designated by the tax collector when the same were offered for sale, as, by law, should have been done.

The defendant demurred to the bill, and, the court having sustained the demurrer and dismissed the bill, this appeal was prosecuted. The opinion sufficiently indicates the grounds of demurrer.

*Stovall & Williams*, for the appellant.

1. The action of the tax collector in offering each succeeding forty-acre lot after the first one, separate and distinct from those previously offered, was contrary to law. Code 1892, § 3813; *Hodge* v. *Wilson*, 12 Smed. & M., 498; *Vasser* v. *George*, 47 Miss., 713; *Griffin* v. *Ellis*, 63 *Ib.*, 348.

2. The collector's failure to designate the parcels when offered avoids the sale, and the same is not cured by the provisions of the statute to the effect that "no error in conducting the sale shall invalidate it" (§ 3813, code 1892), and that the collector's "conveyance shall not be invalidated in any court, except by proof that the land was not liable to sale for the taxes, or that the taxes for which the land was sold had been paid." Code 1892, § 3817; *Hodge* v. *Wilson, supra; Virden* v. *Bowers*, 55 Miss., 1; *Griffin* v. *Mixon*, 38 *Ib.*, 424; *Griffin* v. *Ellis*, 63 *Ib.*, 348; *McLeod* v. *Burkhalter*, 57 *Ib.*, 65.

3. The collector's deed to the land described as "37 acres in N. ½ Sec. 1, T. 13, R. 4," was void, and the bill certainly should not have been dismissed as to that. *Sims* v. *Warren*, 67 Miss., 278; *Pearce* v. *Perkins*, 70 *Ib.*, 276.

*Thomas J. Buchanan*, on the same side.

1. The sale for taxes was invalid, because (1) the land was not sold in the manner required by law, each forty-acre tract being offered separately, and (2) no one of the forty-acre tracts was properly designated when offered for sale by the collector. *Hodge* v. *Wilson*, 12 Smed. & M., 505.

2. The appellee cannot rely on § 3813, code 1892, as curing the above fatal defects. It is true that section provides that no error in conducting the sale shall invalidate the same. But

that section cannot be construed alone. It must be interpreted along with other provisions of the law governing sales for taxes, and cannot validate a sale void for a total failure to comply with the law. This question has been already adjudged. *Griffin* v. *Ellis*, 63 Miss., 351.

3. The description, "37½ acres in Sec. 1, T. 13, R. 4," expresses a patent ambiguity, and, as to that, the deed certainly should have been canceled as void.

*Lacey & Stockett,* for the appellees.

The case of *Griffin* v. *Ellis*, 63 Miss., 348, relied on by appellants, has no application to the present controversy. It was decided with reference to the law as it appeared in § 521, code 1880, which provided merely that "neither a failure to advertise nor error in an advertisement should invalidate a sale."

Section 3813, code 1892, under which the validity of the sale in this case must be determined, is much broader. It contains these additional words: "Nor error in conducting the sale shall invalidate." This change in the law was within the constitutional power of the legislature, which was subject to no restrictions in the matter of tax sales.

2. There is no provision in § 3813, code 1892, as there was in § 521, code 1880, that the collector, on failing to realize the amount due on the first forty-acre subdivision, should "add" another such subdivision, but only that he should "offer" another one. The word "add" cannot properly be interpolated in the present statute. The case of *Hodge* v. *Wilson*, 12 Smed. & M., 498, is not in point in view of the changes in the statute.

Argued orally by *T. J. Buchanan,* for appellee.

Whitfield, J., delivered the opinion of the court.

The description, "37 acres in the N. ½ of Sec. 1, T. 13, R. 4," was void for uncertainty. *Sims* v. *Warren*, 67 Miss., 278; *Pearce* v. *Perkins*, 70 Miss., 276. As to the other lands, it is

distinctly averred in the bill, and admitted by the demurrer, both
that the sheriff offered first one forty-acre tract, and then another,
disconnected from it, and so on, and then the whole of that
tract, and did not add the second forty-acre tract to the first,
and the third to the first two, and so on, and that, in offering
each forty-acre tract, he failed entirely to designate or de-
scribe each such lot in any way whatever. In *Hodge* v.
*Wilson*, 12 Smed. & M., 498, all the judges agreed that this
last fact (the failure to designate and describe the tract offered)
made the sale void. Section 3813 of the code of 1892, though
not containing the word "add," appearing in § 521 of the
code of 1880, is substantially identical with it; and under
the one, as the other, the sheriff should add the first forty-
acre lot to the second, and so on, so far as the manner of sale
in this respect is concerned. We do not now hold, however,
that the failure to do this would make the sale void. But we
do hold that the failure to describe or designate in any way
what forty acres the sheriff was offering does render the sale
void. One who bids at a tax sale is entitled to know for what
precisely he is bidding, and the owner is entitled to have his
land so₁ offered, by proper designation, that intending pur-
chasers may be able to bid intelligently, and that the part thus
properly sold may bring as much as possible. Section 3817 of
the code of 1892 (see § 525 of the code of 1880, and § 1700 of
the code of 1871) provided that "no such conveyance [tax
deed] shall be invalidated in any court, except by proof that
the land was not liable to sale for the taxes, or that the taxes
for which the land was sold had been paid before sale." But
this court, in *Griffin* v. *Ellis*, 63 Miss., 348, in construing
this very statute, held a sale void because the collector sold the
whole body of land without first having offered it in sub-
divisions, adding to each body an additional subdivision until
the whole was exposed, and instanced many other things than
the failure to pay the taxes before the sale, which were vital to
the validity of the sale. And it is equally clear that the pro-

vision in § 3813, code 1892, that no error in conducting the sale should invalidate it, does not have the effect to cure a total departure from the manner of selling prescribed by law—to make immaterial the things which are fundamentally vital to a valid sale. Failure to advertise, etc., may not be material, for the law fixes both time and place of sale. But the things omitted by the sheriff in making this sale are fundamental.

Nor does the well-known constitutional provision help the appellee. As was well said in *Gamble* v. *Witty*, 55 Miss., 36: "The constitutional provision cited cannot be successfully invoked to sanctify illegality, and cure a departure from the requirements of law in the important matter of imposing taxes." And no more can it be invoked to cure the fatal errors in the manner of sale pointed out in this bill. The necessity that the manner of sale shall be legal, notwithstanding such statutes as § 3817 of the code of 1892, § 525 of the code of 1880, and § 1700 of the code of 1871, is clearly pointed out in Mr. Justice Campbell's concurring opinion in *Virden* v. *Bowers*, 55 Miss., 26, where, in discussing § 1700 of the code of 1871, he says that the section simply meant that the tax collector's conveyance should not be invalidated except by proof that the taxes had been paid before sale, where "there was a legal assessment, and a legal sale as to the time, place and manner of selling." We think the manner of sale here was not merely irregular, but a total departure from the method the law has specifically and plainly declared. To give the statute the construction contended for by appellee, would sanction a tax sale at midnight.

The decree is reversed, and the cause remanded for an accounting as to the taxes paid by appellee, which appellant offered to pay.

*Reversed, demurrer overruled and cause remanded.*