## In re CAGLE.

(District Court, S. D. Mississippi, Jackson Division. April, 1924.)

### No. 1546.

**Bankruptcy ☞191 (½)—Statutory purchase-money lien cannot be claimed, where sale and delivery were made in another state.**

A seller of merchandise in New Orleans, to be there delivered f. o. b. railroad for shipment to bankrupt in Mississippi, it being expressly agreed that seller's responsibility ceased on such delivery, cannot claim a purchase-money lien under a statute of Mississippi.

In Bankruptcy. In the matter of S. P. Cagle, bankrupt. On review of decision of referee denying claim of the Naval Stores Equipment Company to lien. Affirmed.

The certificate of Referee F. M. West is as follows:

To the Honorable Edwin R. Holmes, District Judge:

During the administration of the above case the following question was presented for determination: Can a vendor of personal property placed in a debtor's store for resale in the usual course of business enforce his lien for the unpaid purchase price under section 3079, Code of 1906? I answered the question in the negative, and the matter is now certified to your honor; a petition to revise having been filed by the vendor. The facts in the case are as follows:

On July 29, 1921, S. P. Cagle filed his voluntary petition in bankruptcy, and he was duly adjudicated a bankrupt. A trustee was subsequently elected and qualified. The bankrupt was engaged in the business of buying at wholesale and selling at retail paints, varnishes, stains, wall paper, putty, glass, and other like materials in the city of Jackson, Miss. He listed among his creditors the Naval Stores Equipment Company of New Orleans, La., in the sum of $960.23. At the time of the filing of the petition in bankruptcy the bankrupt had in his possession for resale (not paid for) in the usual course of business paints, varnishes, etc., to the amount of $250, which he had previously bought from said creditor, f. o. b. New Orleans. The trustee in bankruptcy took possession of the said goods as the property of the bankrupt.

On April 14, 1923, the said creditor filed its petition with this court, claiming that it was entitled to enforce its purchase-money lien against the said property, although the bankrupt had been adjudicated on July 29, 1921. I do not think the creditor can enforce such a lien after the petition in bankruptcy was filed. The creditor seeks to enforce a lien under section 3079, Code of 1906, which reads as follows:

"*Lien on Personal Property for Purchase Money.*—The vendor of personal property shall have a lien thereon for the purchase money while it remains in the hands of the first purchaser, or of one deriving title or possession through him, with notice that the purchase money was unpaid."

Sections 3080 and 3081 provide how the lien shall be enforced. No steps to enforce such a lien were taken by the claimant until after bankruptcy. The property here involved was sold by the claimant to the bankrupt for the purpose of resale. If the bankrupt could sell this property, it passes to the trustee.

Section 70 of the Bankruptcy Act (Comp. St. § 9654) provides that the trustee shall be vested by operation of law with the title of the bankrupt to all property which prior to the filing of the petition he (the bankrupt) could by any means have transferred, or which might have been levied upon and sold under judicial process against him.

Under section 47 of the act (Comp. St. § 9631) the trustee, as to all property in the custody or coming into the custody of the bankruptcy court shall be deemed to be vested with all the rights, remedies, and powers of a credi-

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

tor holding a lien by legal or equitable proceedings thereon. So under this latter section of the act the trustee is a lien creditor; for, if a creditor could levy upon the said property because of a lien, the trustee is clothed with the same right.

The claimant predicates his right to the property here involved upon section 3079 of the Code, and section 67 of the Bankruptcy Act (Comp. St. § 9651); the latter reading as follows:

"Liens given or accepted in good faith and not in contemplation of or in fraud upon this act, and for a present consideration, which have been recorded according to law, if record thereof was necessary in order to impart notice, shall, to the extent of such present consideration only, not be affected by this act."

To state the question in another way, the claimant contends affected in any way by the adjudication of bankruptcy. His contention would be true, if the Mississippi purchase-money lien statute went as far as his claim. In Mississippi there are two distinct classes of liens. Wherever the Legislature has intended that a lien shall be paramount to all other liens, it has so stated in unmistakable language. Where such an intention is manifest from the statute, the statute itself creates a lien, without the doing of anything upon the part of the lienor to enforce the same. A short review of these two classes of liens may not be amiss.

Section 2832 of the Code of 1906 provides that the lessor of land shall have a lien on the agricultural products of the leased premises, and provides that the lien shall be paramount to all other liens, claims, or demands upon such products.

Section 3057 gives a lien on the goods and personal baggage of guests to keepers of hotels and boarding houses; but it provides that the same must be enforced by seizure and sale in the manner provided for enforcing the purchase-money lien.

Section 3042 of the same code provided that every employer shall have a lien on the share or interest of his employee in any crop made under such employment for money advanced, but the statute provides that this lien shall be paramount to all liens and incumbrances or rights of any kind, except the lien of the lessor of the land on which the crop is made.

Section 2415 of Hemingway's Code gives a lien to persons employed in operating a sawmill or planing mill, or cutting and shipping timber; but the same statute provides that such a lien shall take effect as to purchasers or incumbrancers for a valuable consideration without notice thereof only from the time of commencing suit to enforce the lien.

Section 3058 of the Mississippi Code of 1906 gives a lien in favor of mechanics and materialmen; but it provides that it shall take effect as to purchasers or incumbrancers for a valuable consideration without notice thereof only from the time of commencing suit to enforce the lien, etc. The succeeding sections provide how the lien shall be enforced.

Section 3079 of the Code of 1906, under which the claimant in the instant case claims that he has a lien, clearly provides the method for enforcing the lien by the proceedings thereunder set out.

Sections 3076 and 3077 of the Code of 1906 give a lien to owners of stallions, jackasses, and bulls, to secure the foal fees due the owner, and there it is expressly provided that such a lien shall be paramount to all other incumbrances on such foal, and shall bind the same in the hands of innocent purchasers for value without notice.

Section 3085 provides a lien upon water craft, and provides that such liens shall be paramount to all other liens. So we see that, where the Legislature intends a lien to be valid against the world, it has provided for the same. The purchase-money lien statute is not so written.

It is claimed that the case of Norris v. Trenholm, 209 Fed. 827, 126 C. C. A. 551, 31 Am. Bankr. Rep. 353, is authority for the claimant herein. I do not so understand it. In that case the proceedings to enforce the purchase-money lien were begun prior to the bankruptcy. That case was decided by the Circuit Court of Appeals for the Fifth Circuit.

It is also contended that the following decisions by the same court, to wit: Martin v. Orgain, 174 Fed. 772, 98 C. C. A. 246, 23 Am. Bankr. Rep. 454; In

re Georgia Handle Co., 109 Fed. 632, 48 C. C. A. 571, 6 Am. Bankr. Rep. 472; In re Kirby-Dennis Co., 95 Fed. 116—also sustain the contention of the claimant herein; but it will be found upon an examination of these cases that the statute construed by the court gave a lien to the claimant without the doing of anything further. If the purchase-money lien statute here involved had provided that such a lien should be paramount to all other liens, then it could be enforced after the bankruptcy and would be recognized by the bankruptcy court for Cagle's assets would have come into the bankruptcy court charged with the lien of the claimant.

The Supreme Court of Mississippi in the recent case of Campbell Paint & Varnish Co. v. Hall, 131 Miss. 671, 95 South. 641, growing out of this same Cagle bankruptcy matter, where goods were placed in Cagle's place of business for resale and prior to the bankruptcy the creditor had instituted his proceedings to enforce his purchase-money lien under the statutes here involved, the trustee in bankruptcy took the property charged with such a lien, held that the creditor was entitled to the property because he had started his lien proceedings before the filing of the petition in bankruptcy. I think that holding was correct.

The trustee in bankruptcy in the instant case is entitled to the property here claimed under the "sign" statute, the same being section 4784 of the Code of 1906, which is as follows:

"*Business Sign, and What to Contain.*—If a person shall transact business as a trader or otherwise, with the addition of the words 'Agent,' 'Factor,' 'and Company,' or '& Co.,' or like words, and fail to disclose the name of his principal or partner by a sign in letters easy to be read, placed conspicuously at the house where such business is transacted, or if any person shall transact business in his own name without any such addition, all the property, stock, money, and choses in action used or acquired in such business shall, as to the creditors of any such person, be liable for his debts, and be in all respects treated in favor of his creditors as his property."

It would be a mere waste of time to refer the court to the great number of decisions of the Mississippi Supreme Court holding that goods placed in a debtor's place of business similarly to this in the instant case belong to the creditors under the "sign" statute. If that be the law, and it undoubtedly is, the goods here involved belong to the trustee in bankruptcy for the creditors of the estate.

There is nothing in the decision of this court in the Matter of Wright and Weissinger, Bankrupts, December, 1921, which conflicts with the views expressed by your referee in this certificate. In fact, that case is an authority for the views of your referee. True it is, the Circuit Court of Appeals reversed your honor in that case, but it was upon the point that, the proceedings to enforce a lien having been begun in the state court before the bankruptcy, the bankruptcy court had no jurisdiction to interfere with the state court's established jurisdiction.

This court held in the case of Valier & Spiers Milling Co. v. Foote, 277 Fed. 519, in January, 1922, that a flour milling company had no right to retain title to flour which it allowed the debtor to put into his place of business and to sell the same; the court holding squarely that the trustee in bankruptcy took title by virtue of the "sign" statute. That case is decisive of the one here presented. See, also, the case of In re S. J. Shumaker, decided by Referee Clayton, in January, 1922, which holds to the same effect, and which was affirmed by your honor. 277 Fed. 521.

Your referee could refer the court to many cases upholding the viewpoint here presented, but I think the case is so clearly against the petitioner that it is unnecessary to consume your honor's time by reference thereto.

This matter has not been certified to your honor earlier, because I was awaiting a decision of the Supreme Court of Mississippi in the Campbell Paint & Varnish Case, supra, decided March 29, 1923. The Mississippi Supreme Court had not previously construed the purchase-money lien statute of 1906, as applied to a case like the one presented in the Campbell matter.

Mayes & Mayes, of Jackson, Miss., for petitioner.

George Butler, of Jackson, Miss., for trustee.

HOLMES, District Judge. The facts are undisputed. The Naval Stores Equipment Company, a Louisiana corporation, domiciled at New Orleans and engaged in the business of manufacturing and selling at wholesale paints and varnishes, sold to S. P. Cagle, the bankrupt, a merchant and trader engaged in the retail trade at Jackson, Miss., the goods in controversy consisting of paints and varnishes. The goods were purchased by Cagle either through a traveling salesman of the claimant or by order sent by mail direct to the claimant at New Orleans. They were purchased f. o. b. New Orleans, and were to be shipped over the Illinois Central Railroad to the bankrupt at Jackson, Miss. The bankrupt was to pay the freight, and it was expressly stipulated that delivery to the railroad company was to be delivery to the bankrupt, and that the responsibility of the seller ceased upon the delivery of the goods to the carrier at the point of shipment.

The seller claims a lien under section 3079 of the Mississippi Code of 1906, which reads as follows:

"The vendor of personal property shall have a lien thereon for the purchase money while it remains in the hands of the first purchaser, or of one deriving title or possession through him, with notice that the purchase money was unpaid."

The seller further claims that such alleged lien was preserved in bankruptcy under section 67d of the Bankruptcy Act (Comp. St. § 9651), which is as follows:

"(d) Liens given or accepted in good faith and not in contemplation of or in fraud upon this Act, and for a present consideration, which have been recorded according to law, if record thereof was necessary in order to impart notice, shall, to the extent of such present consideration only, not be affected by this act."

The contract being consummated in New Orleans, and the goods being delivered there to the railroad as the agent of the purchaser, the contract was a Louisiana contract, and the lex loci contractus governs. The Mississippi purchase-money lien statute, having no extraterritorial effect, could not impress a lien for the purchase money upon this property at the time of the consummation of the sale by a delivery thereof to the agent of the purchaser. The entire reliance of the seller is for a purchase-money lien under the Mississippi statute.

Under these facts, I am of the opinion that the decision of the referee was correct, and should be sustained.