SACK *v.* GILMER DRY GOODS CO.*

(Division B.   Jan. 23, 1928.)

[115 So. 339.   No. 26798.]

1. DEEDS. *Mortgages. Description of lots in mortgage and deed, one omitting name of city, the other number of block, held void.*
   Description of lots in a mortgage and in a deed, there being omitted in the former the words "city of Clarksdale," and in the latter, "block forty," *held* void.

2. MORTGAGES. *Records. Record of deed or mortgage with void description is not constructive notice, and does not put on inquiry.*
   Record of deed or mortgage containing void description of lot is insufficient for constructive notice, and does not put one on inquiry.

3. JUDGMENT. *Mortgages. Deed or mortgage, unless recorded, is void as to creditor obtaining lien by judgment (Hemingway's Code 1927, section 2446).*
   Hemingway's Code 1927, section 2446 (Code 1906, section 2787), providing that all conveyances and mortgages of land, unless filed for record, shall be void as to all creditors and subsequent purchasers for valuable consideration without notice, applies with as much force to a creditor obtaining a lien by judgment as to a subsequent purchaser or incumbrancer.

---

*Corpus Juris-Cyc References: Deeds, 18CJ, p. 185, n. 71 New; Mortgages, 41CJ, p. 399, n. 57; p. 565, n. 13; p. 575, n. 9; Records, 34Cyc, p. 615, n. 20. On the question of mistake in description of property as affecting record of instrument relating to real property, see annotation in L. R. A. 1916A, 530; 23 R. C. L. 220.

APPEAL from chancery court of Coahoma county, Second district.

HON. HARVEY McGEHEE, Chancellor.

Suit by Mrs. Martha S. Sack against the Gilmer Dry Goods Company.  Bill dismissed, and complainant appeals.  Affirmed.

*Cutrer & Smith,* for appellant.

The several deeds of conveyance from A. Sack to Gilmer Dry Goods Company and J. B. Lindsey incorporated a sufficient description which of themselves would constitute constructive notice.  See *Baldwin* v. *Anderson,* 103 Miss. 462.; *Parker* v. *Foy,* 43 Miss. 260, 5 Am. Rep. 484; *Ladnier* v. *Cuevas,* 138 Miss. 502; *Willie* v. *Gattman,* 53 Miss. 721; *Stone & Gravel Co.* v. *Archer,* 120 Miss. 453; *Leake* v. *Caffey* (Miss.), 19 So. 716; *Deason* v. *Taylor,* 53 Miss. 697; *Davis* v. *Seybold,* 195 Fed. 402.

We take the further position, however, that even if the descriptions contained in the two deeds above mentioned were imperfect, nevertheless by the undisputed testimony in the record the defendant, A. Sack, in truth and in fact had no property rights in the lots described, and therefore, the judgment creditor has not the right to proceed to sell a bare, naked legal title, which would cloud the title of the complainant, who claims the right through a *bona-fide* purchaser for value without notice of all of the beneficial and equitable rights which A. Sack theretofore had, which rights were acquired prior to the rendition of the judgment in favor of the Gilmer Dry Goods Company.  In other words we contend that the judgment creditor is entitled only to what rights the judgment debtor had in and to the property upon which execution is sought to be levied and sold.  See *McIntyre* v. *Agricultural Bank,* Freem. Ch. 105.; *Jenkins* v. *Bodley,* S. & M. Ch. 338; *Simmons* v. *Naught,* 3 S. & M. 67; *Money* v. *Dorsey,* 7 S. & M. 15; *Hoy* v. *Taliafarro,* 8 S. & M. 727; *Kelly* v. *Mills,* 41 Miss. 267; *Foute* v. *Fairman,* 48 Miss. 536; *Cannon* v. *Mercantile Company,* 108 Miss. 102; *Candler* v. *Cromwell,* 101 Miss. 161; *Bank of Ukiah* v.

*Petaluma Sav. Bank* (Cal.), 35 Pac. 170; *Sparks* v. *State Bank* (Ind.), 7 Black 469; *Albia State Bank* v. *Smith* (Iowa), 119 N. W. 608; *Holden* v. *Garrett*, 23 Kas. 98; *Wrighter* v. *Forrester* (Ky.); *Gelway* v. *Malchow*, 7 Neb. 285; *German Nat. Bank* v. *Queen* (N. Y.), 144 N. Y. Supp. 195; *Okla. State Bank* v. *Burnett* (Okla.), 162 Pac. 1124; *Pacific State Bank* v. *Coats* (Wash.), 123 C. C. A. 624; 205 Fed. 618.

*Maynard, FitzGerald & Venable,* for appellee.

Mississippi is committed to the doctrine that conveyances containing a bad description are not constructive notice. *Simmons* v. *Hutchinson*, 81 Miss. 351. See, also, *Gilchrist-Fordney* v. *Thigpen*, 114 Miss. 182; *Bowers* v. *Andrews*, 52 Miss. 596; *Dingey* v. *Paxton*, 60 Miss. 1038; *Nelson* v. *Abernathy*, 74 Miss. 164; *Sims* v. *Warren*, 67 Miss. 278; *Smith* v. *Brothers*, 86 Miss. 241; *Haugton* v. *Sartor*, 71 Miss. 257.

The defective instrument not amounting to constructive notice, there being no actual notice, and the description being void to convey title, two questions remain. It is clear that the legal title remained in A. Sack and was in A. Sack at the date the judgment was obtained. It is in effect contended that notwithstanding this fact the appellee took its judgment lien subject to an equity of reformation and subject to equities of a third party, if any existed. This specific point was passed on by the court in *Nugent* v. *Max Preibatsch*, 61 Miss. 402, where a deed was sought to be reformed in effect as against a judgment creditor. The court held that under the recording statutes, similar to statutes in force when the judgment in this case was obtained, that a judgment creditor without notice took free from equities and the case was therefore affirmed. This decision is in line with *Mississippi Valley* v. *Chicago, etc., Ry. Co.*, 58 Miss. 846.

It will not be contended that A. Sack did not have a legal title or beneficial interest in the land, which he sought to convey to the trustee for the Planters' Bank in the deed of trust, or to quitclaim to Lindsay. The cases cited by counsel for appellant are all cases where title had come in to a judgment debtor, who held as a mere naked trustee having no beneficial interest in the title, or subject to an equity that did not come within the registration laws. *Kelly* v. *Mills,* 41 Miss. 267. So was the case of *Walton* v. *Hargrove,* 42 Miss. 20. All these were cases where the court overlooked the registry statutes, all of which is pointed out in the *Mississippi Valley Company* v. *Chicago Ry. case,* 58 Miss. 846, *supra.*

ANDERSON, J., delivered the opinion of the court.

Appellant filed her bill in the chancery court of Coahoma county to enjoin a sale, under execution, on a judgment in favor of appellee against A. Sack, husband of appellant, of three lots in the city of Clarksdale, in that county, on the ground that the property levied on by the execution was the property of appellant, and not that of A. Sack, the defendant in execution. There was a trial on bill, answer, and proofs, resulting in a decree dissolving the injunction, dismissing the appellant's bill, and holding appellant and the sureties on her bond liable for the amount of the judgment sought to be enjoined, and, in addition, the statutory damages of five per cent. thereon.

There is no controversy as to the material facts of the case. A. Sack, the husband of the appellant, on the 28th day of February, 1921, was the owner of lots one, two, and three in block forty, in the Central subdivision of Clarksdale, Coahoma county, in this state. On that date, A. Sack, being indebted to the Planters' Bank of Clarksdale, executed a deed of trust on the three lots, with other property at that time owned by him, to secure the

indebtedness.   The deed of trust described the property as:

"Lots one, two and three (1, 2, and 3) in block forty (40) of the Central subdivision on Second street, in Coahoma county, Miss."

It will be observed that in that description of the property there was omitted ·the statement that it was situated in the *city of Clarksdale.* On the 21st day of January, 1925, appellant and her husband, A. Sack, executed a quitclaim deed to the lots, with other property owned by A. Sack, to the Planters' Bank of Clarksdale in payment and satisfaction of said mortgage indebtedness.   In this quitclaim deed the property is described as follows:

"The following property located and situated in the First district of Coahoma county, Miss.:  .  .  .  Lots one, two, and three (1, 2, and 3) of Central subdivision to the city of Clarksdale according to the map of record in the office of the chancery clerk at Clarksdale."

It will be noticed that in that description of the lots the *block number* was left out.   On February 18, 1925, the appellee, without any actual notice of the mortgage on the lots from A. Sack to the Planters' Bank of Clarksdale, or of the quitclaim deed to the lots from A. Sack and appellant to the Planters' Bank of Clarksdale, obtained a judgment in the circuit court of Coahoma county against A. Sack, and had the same immediately enrolled, as provided by statute.   On the 12th day of October, 1925, the Yazoo Delta Mortgage Company, the liquidating agent of the Planters' Bank of Clarksdale, in consideration of two thousand three hundred dollars, cash paid by appellant, conveyed·to her the lots involved, properly described.

The trial court held that the description of the lots in the mortgage executed by A. Sack to the Planters' Bank of Clarksdale, as well as the description in the quitclaim deed from A. Sack and the appellant to the bank, was void; and that, when appellee recovered its judgment

against A. Sack and had it enrolled, appellee had no notice, either actual or constructive, of the existence of said mortgage and quitclaim deed; and that, therefore, the lien of appellee's judgment was superior in right to appellant's claim of title to the property.

Appellant makes two contentions: First, that in the record of the mortgage to the Planters' Bank and of the quitclaim deed to the latter conveying the lots there was a sufficient description of the lots to put appellee on inquiry and notice; second, that without notice, either actual or constructive, of the property intended to be conveyed by the mortgage and quitclaim deed, appellant's right to the property was paramount to the lien of appellee's judgment against A. Sack, for the reason that, under the law, appellee could only take by execution on its judgment, the interest of the judgment debtor, A. Sack, in the lots, which interest was subject to the rights of the bank to have the mortgage and quitclaim deed to the lots reformed, and the lots subjected to the payment of the bank's indebtedness.

Appellee contends, and the chancery court, as stated, held, that both the mortgage and quitclaim deed to the Planters' Bank were void, becase of insufficient description of the lots, and that their record in the office of the chancery clerk of Coahoma county was not sufficient to affect appellee with constructive notice of the property intended to be conveyed by them; and, further, that under our registry statute (section 2787, Code 1906 [Hemingway's Code 1927, section 2446]) appellee, having no actual notice of the mortgage and quitclaim deed, acquired a lien on the lots paramount to appellant's claim to the lots under the conveyance to her from the bank.

As above stated, the description of the lots in the mortgage to the bank, as well as in the quitclaim deed to the bank, was defective, in that in the former the words, "city of Clarksdale," were omitted, and in the latter, "block forty," in which the three lots are situated; and there were other blocks besides block forty in the Cen-

tral subdivision of Clarksdale. We are of the opinion that the description of the lots in both the bank's mortgage and the quitclaim deed was void. *Bowers* v. *Andrews,* 52 Miss. 596; *Dingey* v. *Paxton,* 60 Miss. 1038; *Sims* v. *Warren,* 67 Miss. 278, 7 So. 226; *Haughton* v. *Sartor,* 71 Miss. 257, 15 So. 71; *Nelson* v. *Abernathy,* 74 Miss. 164, 21 So. 150; *Smith* v. *Brothers,* 86 Miss. 241, 38 So. 353; *Gilchrist* v. *Thigpen,* 114 Miss. 182, 74 So. 823.

Constructive notice from the record of a deed or mortgage is imputed to purchasers, incumbrancers, and creditors "from a mere presumption of law." The record of the instrument imputes only such knowledge as the instrument discloses. The effect of registration is to put purchasers, incumbrancers, and creditors on notice of what the instrument intended to be recorded actually conveys, and it has no operation in the way of putting them upon inquiry as to what was intended to be conveyed unless such be described therein. *Simmons* v. *Hutchinson,* 81 Miss. 351, 33 So. 21. In that case the court quotes, with approval, from *Bright* v. *Buckman* (C. C.), 39 F. 247, as follows:

"The description of the property upon which the mortgage is an incumbrance must be such as reasonably to enable subsequent purchasers to identify the land; otherwise the record of the mortgage is not notice of any incumbrance upon it. If the description in the mortgage is erroneous, and it is apparent what the error is, the record is constructive notice of the mortgage upon the lots intended to be described; but, if it is not apparent what the error is, then the record is not constructive notice."

We think, under the authority of the Simmons case, the record of the bank's mortgage and the quitclaim deed was not sufficient to impute constructive notice to appellee of their intended contents. We are of the opinion that the authorities relied upon by appellant as sustaining the contrary view do not so hold.

Section 2787, Code 1906 (section 2446, Hemingway's 1927 Code), is as follows:

"All bargains and sales, and all other conveyances whatsoever of lands, whether made for passing an estate of freehold or inheritance, or for a term of years; and all instruments of settlement upon marriage wherein land, money, or other personalty should be settled or covenanted to be left or paid at the death of the party, or otherwise; and all deeds of trust and mortgages whatsoever, shall be void as to all creditors and subsequent purchasers for a valuable consideration without notice, unless they be acknowledged or proved and lodged with the clerk of the chancery court of the proper county, to be recorded in the same manner that other conveyances are required to be acknowledged or proved and recorded; and a failure to file such instrument with the clerk for record shall prevent any claim of priority by the holder of such instrument over any similar recorded instrument affecting the same property, to the end that with reference to all instruments which may be filed for record under this section, the priority thereof shall be governed by the priority in time of the filing of the several instruments, in the absence of actual notice; but the same as between the parties and their heirs, and as to all subsequent purchasers with notice or without valuable consideration, shall nevertheless be valid and binding."

It will be observed that the statute provides, among other things, that all conveyances and mortgages of land "shall be void as to all creditors and subsequent purchasers for a valuable consideration without notice, unless they be acknowledged or proved and lodged with the clerk of the chancery court of the proper county, to be recorded" etc. Appellant contends that the lots involved were not subject to the lien of appellee's judgment, because the judgment debtor therein, A. Sack, had no interest in the lots; that, under the law, only the interest of the judgment debtor could be subjected to the judgment, notwithstanding the record of the bank's mortgage and the quitclaim deed did not impute constructive notice to appellee. Except for our registry statute, it is un-

doubtedly true that a judgment creditor would be a volunteer and that a purchaser at an execution sale would obtain only the interest of the defendant in execution; but since the registry statute provides that conveyances and mortgages of lands must be recorded in order to be valid and effectual against subsequent purchasers and creditors, it is not true that a judgment creditor is always a volunteer and that a purchaser at an execution sale only gets the interest of the defendant in the execution. *Nugent* v. *Preibatsch,* 61 Miss. 402; *Mississippi Valley Co.* v. *Chicago, St. L. & N. O. R. Co.,* 58 Miss. 846. The court, in discussing this question in the last case cited above, used this language:

"The judgment creditor still remains to some extent a volunteer, and it is still true that a purchaser at an execution sale obtains only the interest of the defendant in execution, except where the registry laws otherwise provide. But those laws do provide that 'every conveyance, covenant, agreement, deed, mortgage, and trust deed' must be recorded in order to be valid and effectual against 'subsequent purchasers and all creditors.' . . .

"Whenever an instrument which the registry laws require to be recorded has been made by a grantor having a beneficial interest in the property conveyed which is vendible under execution, and such instrument remains unrecorded, a judgment creditor who has no actual notice of it, nor anything to put him on inquiry, may subject the interest of the grantor exactly as if he had made no such instrument, and the purchaser at the execution sale will obtain a title superior to the rights of those who claim by, through, or under the unrecorded instrument.

"Where the grantor is without beneficial interest, though clothed with a naked legal title, or where the outstanding equity of a third person is such as arises by operation of law, and is incapable of being made a matter of record—as, for instance, where it is a resulting trust or a vendor's lien—the registry laws have no application;

and in such cases the judgment creditor remains, as at common law, a mere volunteer, because unprotected by any statute.''

The registry statute applies with as much force to a creditor obtaining a lien by judgment as it does to a subsequent purchaser or incumbrancer. Appellee's judgment was recovered and enrolled at a time when appellee had no notice, either actual or constructive, of appellant's or the bank's right in the land involved. Appellee stands exactly as it would had it acquired a lien on the land by contract with A. Sack, who appeared from the deed records in the office of the chancery clerk of Coahoma county to be the owner of the land.

Appellant, among other cases, cites *Candler* v. *Cromwell*, 101 Miss. 161, 57 So. 554, as sustaining the contrary view. We do not think that case supports appellant's contention. In discussing that case the court said, among other things:

''A judgment creditor succeeds to only such rights in the judgment debtor's property as the judgment debtor actually has. The judgment creditor merely succeeds the judgment debtor; that is, takes his place and subjects the actual interest of the judgment debtor to his demand. The judgment creditor is barred by all the equities which bar the judgment debtor, and can assert no demand that the judgment debtor is precluded from asserting.''

Leaving out of view the registry statute, the court stated a principle of law the soundness of which cannot be challenged. But that principle had no application to the particular facts of the case. The question in that case was the priority of lien on a growing crop as between a mortgagor and a judgment creditor. The judgment was obtained and enrolled before the mortgage was given. Subsequent to the rendition and enrollment of the judgment, the judgment debtor executed a mortgage on his growing crop. This mortgage was duly acknowledged and recorded in the proper county. The court held that the judgment lien on the crop only took effect from

149 Miss.—20.

the time the crop had an actual existence; that the lien of the judgment did not relate back to the date of its enrollment, but that the lien of the mortgage on the crops related back to the date of its execution and delivery, and took effect from that date, and thereby took precedence over the judgment.

There were some other questions decided in the case, but, as stated, the question involved in the present case was not before the court for decision.

*Affirmed.*

PACK, J., took no part in this decision.