Saxon, et al. *v.* Saxon, et al.

No. 42100          January 2, 1962          136 So. 2d 210

*McFarland & McFarland,* Bay Springs, for appellants.

*Riddell & Dabbs,* Quitman, for appellees.

McELROY, J.

Conrad Saxon and Mrs. James Poteet, the appellants, appealed this case from a decree of the Chancery Court of Wayne County, Mississippi, confirming title in William H. Saxon and others, appellees, to sixty acres of land described as the NE¼ of NW¼, north of Wayne County line, and the N½ of the NW¼ of NW¼, Section 13, Township 10 N, Range 8 W, Clarke County, Mississippi. The original case in the lower court was styled Wm. H. Saxon, et al v. C. E. Waller, et al. William H. Saxon and others are the heirs at law of P. H. Saxon, deceased. The original suit involved additional

land not affected on this appeal and involved a great number of defendants who have not appealed from the decision of the lower court.

The questions presented on this appeal are whether or not a conveyance from H. Saxon and wife, Nancy J. Saxon, to Albert W. Saxon was void, and did not constitute notice to subsequent purchasers, and whether the court erred in refusing to confirm said instrument and conveyance from Albert W. Saxon unto P. H. Saxon. The appellants offered in evidence two alleged deeds, the first from H. Saxon and wife, Nancy J. Saxon, to Albert W. Saxon, dated June 17, 1926, which purports to convey the land described as "the SE¼ of the SW¼ of Section 12 and the N½ of the NW¼ of NW¼ and the NE ¼ of NW¼ north of the county line, all in Township 10 N, Range 8 W, all in Clarke County, Mississippi". Section 13 was left out of the deed. The instrument also recited that the conveyance was made to Albert W. Saxon during "his natural life and after his death to the heirs of his body". The grantors H. Saxon and wife also reserved a life estate by the deed.

On March 11, 1935, Albert W. Saxon and Mrs. Eva Saxon conveyed said property by a warranty deed which contained no exceptions and which described the property identically as it appears in the deed from H. Saxon and wife. Thus it will be noted that neither deed contained a description of Section 13, which is the sixty-acre tract purported to be conveyed, the tract of land in question.

Both alleged deeds were admitted by the court during the trial over the objection of appellees. At the conclusion of the trial the court ruled that the said instruments should not have been admitted in evidence, and held that the deeds were void, that neither deed was constructive notice to P. H. Saxon or his heirs, and that P. H. Saxon and his heirs had possession of the property here in question at least from the year 1935 to the date of the

filing of the law suit. From the testimony offered, the court in its opinion said: "The testimony was unequivocally that P. H. Saxon and his heirs occupied said lands adversely to the world for more than the statutory period of ten years, doing all of the things necessary to constitute all of the elements of adverse possession", as well as holding that the deeds were void by leaving out "Section 13".

The appellants assign as error three points as follows: 1. "The trial court erred in holding that the conveyance from H. Saxon and wife, Nancy J. Saxon, unto Albert W. Saxon, during his natural life, and after his death to the heirs of his body, was void and did not constitute notice unto subsequent purchasers. 2. The trial court erred in holding that William H. Saxon et al could hold land adversely to Conrad Saxon and Mrs. James Poteet, who are remaindermen. 3. The court erred in refusing to reform the conveyance from H. Saxon and wife, Nancy J. Saxon, to Albert W. Saxon, and the conveyance from Albert W. Saxon unto P. H. Saxon."

The claim of Conrad Saxon and Mrs. Poteet must stand on the deed from H. Saxon and wife to their father Albert W. Saxon.

From the evidence Conrad Saxon testified that he had in his possession all of the time the deed dated January 17, 1926, from H. Saxon and wife to his father Albert W. Saxon. William H. Saxon testified that he did not know anything about the deeds, that he had never seen them or heard of them until informed a few days before suit was filed by Conrad Saxon that there was such a deed and that he was going to file suit to reform the deed. Other witnesses testified that they did not know anything about the deeds until the lawsuit was filed.

The appellees are grounding their claim on adverse possession in that P. H. Saxon, their father, had possession of this land for many years, even during the life-

time of H. Saxon; that they fenced the land, sold timber from the land, rented the land for a cattle farm (receiving $150 a year for many years) and had rented the land for many years to them; that they paid the taxes on the land and that at one time the land sold for taxes to C. E. Waller and was later redeemed by the appellees.

The case of Simmons v. Hutchinson, et al, 81 Miss. 351, 33 So. 21, is one of the early cases and one which is directly in point on the question of constructive notice. One Hutchinson owned the E½, NE¼, Section 3. He executed a deed of trust describing the land as "the 1/2 of NE¼ of Section 3. This deed of trust was foreclosed and the trustee executed a deed describing the land as "1/2 of the NE¼ of Section 3". Thereafter Hutchinson sold the land by correct description. All of the instruments were of record. Suit was filed to reform the trust deed and cancel the deed, which was executed after the trust deed. The court in refusing to reform the trust deed and refusing to cancel the deed held:

"Upon the point whether Fisher had information or knowledge of the trust deed executed to secure Simmons his debt, which was alleged by Simmons and denied by Fisher, there was before the chancellor a contradiction in the evidence, several witnesses substantially supporting the contention on each side, and the finding of the chancellor cannot be disturbed on that ground.

"2. The sole remaining question in the case is whether the record of the deed of trust of Hutchinson to Meeks, as trustee for Simmons, constituted any notice to Fisher, so as to put him upon inquiry as to its meaning, and we incline to the view that it was not. It must be noted that Hutchinson did not intend to convey by said trust deed an undivided one-half interest in said quarter section of land, but that he intended to incumber specifically the east half of the northeast ¼ of section 3. Simmons' trust deed was indefinite, in that it did not specify whether it was to cover the east or the west half, or the

north or the south half, of said quarter section. If Fisher had seen the record of the Simmons trust deed, it would doubtless have put him upon inquiry, which, diligently pursued, would have led him to a knowledge of the fact that it covered the east half of the northeast ¼ of section 3; but the finding of the chancellor that he had not seen it and had no information of it, precludes the operation of that principle. Constructive notice arising from the record of a muniment of title is imputed to purchasers and creditors from a mere presumption of law, and it imputes only such knowledge as the instrument there recorded discloses, and not what a diligent inquiry into its meaning might disclose. The registration of an instrument is constructive notice to the world of the contents of the paper there recorded, or intended to be recorded, and of its particular contents only, and it will have no operation or effect unless the original instrument correctly and sufficiently describes the premises which are to be affected. The effect of the registration law is to impute to a purchaser notice of what the instrument recorded, or intended to be recorded, actually conveys, and has no operation in the way of putting him upon inquiry as to what premises were intended to be conveyed, unless they be substantially described therein. 2 Pomeroy's Equ. Jur., secs. 653, 654.''

The case precisely in point is that of Sack v. Gilmer Dry Goods Co., 149 Miss. 296, 115 So. 339. In that case Sack owned three lots in the City of Clarksdale in the central subdivision of Block 40. He gave a deed of trust to Clarksdale Bank describing the three lots as ''Lot one, two and three (1, 2, and 3) in Block Forty (40) of the central subdivision on Second Street in Coahoma County, Mississippi.'' He omitted from the description that the lots were situated in the City of Clarksdale. Sometime thereafter, Sack and his wife executed a deed to the Bank in payment of the deed of trust and described the property as ''Lot One, Two and Three (1, 2, and

3) of the central subdivision to the City of Clarksdale,'' omitting the Block number. Thereafter, Gilmer Dry Goods Company secured a judgment against Sack, had it enrolled and attempted to levy on the lots, claiming that the Company had no notice, either actual or constructive, of the mortgage and quitclaim deed and that its lien was paramount. In holding that the instrument in question was void it stated:

''Appellee contends, and the chancery court, as stated, held, that both the mortgage and quitclaim deed to the Planter's Bank were void, because of insufficient description of the lots, and that their record in the office of the chancery clerk of Coahoma county was not sufficient to affect appellee with constructive notice of the property intended to be conveyed by them; and, further, that under our registry statute (section 2787, Code 1906 [Hemingway's Code 1927, Sec. 2446]) appellee, having no actual notice of the mortgage and quitclaim deed, acquired a lien on the lots paramount to appellant's claim to the lots under the conveyance to her from the bank.

''As above stated, the description of the lots in the mortgage to the bank, as well as in the quitclaim deed to the bank, was defective, in that in the former the words, 'city of Clarksdale,' were omitted, and in the latter, 'block 40,' in which the three lots are situated; and there were other blocks besides block 40 in the Central subdivision of Clarksdale. We are of the opinion that the description of the lots in both the bank's mortgage and the quitclaim deed was void. Bowers v. Andrews, 52 Miss. 596; Dingey v. Paxon, 60 Miss. 1038; Sims v. Warren, 67 Miss. 278, 7 So. 226; Haughton v. Sartor, 71 Miss. 357, 15 So. 71; Nelson v. Abernathy, 74 Miss. 164, 21 So. 150; Smith v. Brothers, 86 Miss. 241, 38 So. 353; Gilchrist v. Thigpen, 114 Miss. 182, 74 So. 823.

"Constructive notice from the record of a deed or mortgage is imputed to purchasers, incumbrancers, and creditors 'from a mere presumption of law.' The record of the instrument imputes only such knowledge as the instrument discloses. The effect of registration is to put purchasers, incumbrancers, and creditors on notice of what the instrument intended to be recorded actually conveys, and it has no operation in the way of putting them upon inquiry as to what was intended to be conveyed unless such be described therein. Simmons v. Hutchinson, 81 Miss. 351, 33 So. 21.''

We feel that the court was justified in holding that the deeds from H. Saxon to Albert W. Saxon and from Albert W. Saxon to P. H. Saxon were void in that both deeds failed to insert Section 13. In holding that the deeds are void the claim of the appellants that they were remaindermen would be of no effect and that they could not assert any right under these deeds in question.

William H. Saxon and his heirs had possession of the property through the years and asserted ownership and dominion over the property at a time when Albert W. Saxon and his heirs, as appears from the record, never lived on the land or asserted any right whatever in the land. Albert W. Saxon left the State of Mississippi and lived in Florida and his heirs lived in Adams County.

There was sufficient evidence that P. H. Saxon and his heirs at least possessed the land from 1935, or prior thereto, asserting all rights of adverse possession to justify the court in holding that they possessed the land adversely to the heirs of Albert W. Saxon. Therefore, the case is affirmed.

Affirmed.

*Lee, P. J.,* and *Kyle, Arrington* and *Rodgers, JJ.,* concur.